■ . In the Matter of SEMONAE YY. and Others, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KATRINA YY., Appellant. [657 NYS2d 488] —Crew III, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered November 30, 1995, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the biological mother of three children, all of whom have been in foster care since October 1993. A neglect petition was filed against respondent and Family Court, concluding that the children were at risk due to domestic violence, adjudicated the children to be neglected and continued their placement with petitioner for a one-year period. Petitioner thereafter commenced this proceeding against respondent in April 1995 alleging that respondent's children were permanently neglected and seeking to terminate respondent's parental rights. Respondent failed to appear at the fact-finding hearing conducted in September 1995 and Family Court, deeming her nonappearance to be an admission of the allegations contained in the verified petition, entered an order adjudicating respondent's children to be permanently neglected children. After hearing testimony from petitioner's caseworker and respondent at the dispositional hearing, Family Court granted the petition and terminated respondent's parental rights. This appeal by respondent followed.

As a starting point, we reject respondent's contention that Family Court erred in finding that her nonappearance at the fact-finding hearing constituted a default with respect to whether her children were permanently neglected. To be sure, a respondent's failure to appear at a fact-finding or dispositional hearing does not automatically result in a default. Indeed, this Court has declined to find a default where a nonappearing respondent is represented by counsel who, in turn, cross-examines the petitioner's witnesses or makes motions or offers proof on the respondent's behalf (*see, e.g., Matter of Jennifer DD.*, 227 AD2d 675, 676; *Matter of Cecelia A.*, 199 AD2d 582, 583). Here, however, although respondent was represented by counsel at the fact-finding hearing, counsel was unaware of respondent's whereabouts, made no motions on her behalf and voiced no objection when petitioner moved for default. Accord-

ingly, we conclude that respondent did default with respect to the fact-finding hearing and, therefore, her remedy was to move to vacate the default and, if necessary, appeal from the denial of that motion (*see, Matter of Ashley X.*, 200 AD2d 911). Having failed to do so, she cannot now challenge that portion of Family Court's determination finding that her children were permanently neglected.

Turning to the ultimate disposition—termination of respondent's parental rights—respondent contends that Family Court failed to set forth the facts it deemed essential to its determination and, as such, she is entitled to a new dispositional hearing. We cannot agree. Respondent points to no infirmity in the dispositional hearing itself and, hence, she has advanced no grounds for a new hearing. With respect to the actual decision rendered by Family Court, although there is little question that the court indeed failed to comply with the mandates of CPLR 4213 (b), which requires a trial court to state the facts it deems essential to its decision, we do not believe that remittal is required (*see generally, Matter of Guzzey v Titus*, 220 AD2d 976, *lv denied* 87 NY2d 807).

Although respondent testified that petitioner thwarted her attempts at visitation, she admitted that she made no effort to contact her children by telephone between January 1995 and August 1995. Additionally, while respondent testified that she had been drug free for four months as of the October 1995 hearing and had made an appointment to enter a rehabilitation program, she acknowledged that she failed to successfully complete a prior rehabilitation program and recently had been convicted of, *inter alia*, criminal possession of a controlled substance. Finally, respondent conceded that she had not terminated her abusive relationship with her boyfriend which, together with her substance abuse, were the very obstacles preventing the return of her children. Under these circumstances, we cannot say that termination of respondent's parental rights was not in the children's best interest. Respondent's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.