■ In the Matter of EDWARD G. HILL, Appellant, v MELINDA HILLENBRAND, Respondent. (And Another Related Proceeding.) [785 NYS2d 555]—

Rose, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered September 12, 2003, which, inter alia, granted respondent's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties, who lived together sporadically until July 2002, are the parents of a child born in 1998. In March 2003, in response to the father's petition for custody, Family Court issued a temporary order retaining custody with the mother and providing the father with visitation. The mother subsequently cross-petitioned for custody. When the father failed to appear for the second day of the custody hearing, after earlier failing to appear for a settlement conference, Family Court granted the

mother's motion to dismiss the father's petition for his default in appearance. Nevertheless, the father's counsel participated in the balance of the hearing and Family Court considered the father's testimony, which he had completed during the first hearing day, before granting the mother's cross petition awarding her sole custody of the child and granting the father liberal visitation. The father appeals and we affirm.

Although a party's failure to appear does not automatically result in a default and this Court has declined to find a default where the absent party had counsel who appeared and explained the client's absence (*see e.g. Matter of Cecelia A.*, 199 AD2d 582, 583 [1993]), here the failure to appear was unexplained. Counsel was unaware of the father's whereabouts, had not received from the father a list of witnesses to be called and nothing in the record explains the father's absence. Once counsel was assured by Family Court that the hearing would continue and the father's testimony would be considered on the mother's cross petition, he voiced no objection to the mother's motion for dismissal. Under the circumstances, Family Court properly found that the father had defaulted (*see Matter of Semonae YY.*, 239 AD2d 716, 716-717 [1997]). Having failed to move to vacate that default, he cannot obtain review of the dismissal of his petition (*see Matter of Ashley X.*, 200 AD2d 911, 911 [1994]).

Nor did Family Court abuse its discretion in granting sole custody of the child to the mother. In deciding this custody dispute, Family Court heard the testimony of the father, the mother and the mother's stepsister. As to the father's fitness, the evidence established that, in addition to having taken the child from the mother while he was intoxicated and threatening to leave the state, the father continues to abuse alcohol, had minimal contact with the child since the parties' separation, paid no child support and failed to utilize the opportunities for visitation available to him.

In contrast, the mother's testimony indicated that she has been the primary caregiver for most of the child's life, has a more stable home environment, has been sober since leaving rehabilitation and was the more suitable custodial parent. Considering the totality of the circumstances and according appropriate deference to Family Court's credibility determinations (*see Matter of Bates v Bates*, 290 AD2d 732, 733 [2002]), we find a sound and substantial basis in the record to support Family Court's custody award (*see Matter of Hitchcock v Kilts*, 4 AD3d 652, 654 [2004]; *Matter of Cuozzo v Ryan*, 307 AD2d 414, 415 [2003]).

Finally, the father's remaining contention that he did not

receive the effective assistance of counsel is without merit (*see Matter of Moreau v Sirles*, 268 AD2d 811, 813 [2000], *lv denied* 95 NY2d 752 [2000]).

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.