■ In the Matter of CAROLYN Z. and Another, Children Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TAGE Z., Appellant. [862 NYS2d 620]—

Rose, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered July 20, 2007, which denied respondent's motion, in a proceeding pursuant to Family Ct Act article 10, to vacate a prior fact-finding order.

At the initial appearance in this neglect proceeding, counsel for petitioner advised Family Court that respondent had been served and had left the jurisdiction with the children. Based on the sworn testimony of respondent's wife that she had delivered the petition to him, Family Court found respondent to be in default and proceeded to conduct a fact-finding hearing without

him. After hearing testimony that respondent had engaged in physical altercations with his two minor children on several occasions, the court concluded that he had neglected them. Respondent later moved pursuant to CPLR 5015 (a) (4) for an order vacating the determination of neglect on the ground that he had not been served and, thus, the court lacked personal jurisdiction over him. However, Family Court found that respondent had been personally served by his wife, denied his motion, and issued an order of fact finding and disposition. Respondent now appeals only from the order denying his motion to dismiss. We affirm.

Respondent initially contends that he was not served by substituted service when a deputy sheriff delivered the relevant papers to his wife because, among other things, there was no follow-up mailing of the petition as required by CPLR 308 (2). While petitioner concedes that it intended to accomplish substituted service pursuant to CPLR 308 (2), the record makes clear that Family Court found service to have actually been made by personal delivery to respondent, with his wife being the process server. The sworn testimony of respondent's wife at the initial appearance established that she delivered the petition to him at their home one day before the scheduled appearance. This evidence satisfied the requirements of Family Ct Act § 1036 (b) and CPLR 308 (1), and any failure of the wife's testimony to provide all the information specified in CPLR 306 (a) for proof of service would be "a mere irregularity and not a jurisdictional defect" (*Spano v Kline*, 50 AD3d 1499, 1500 [2008]). Also, while it is true that a party is disqualified from serving another party to a proceeding (*see* CPLR 2103 [a]), we cannot agree with respondent that his wife was a party. Although she is referred to as a respondent in allegations of the petition, she is not named as either a petitioner or a respondent in the caption of the summons, petition or order in this proceeding. Notably, the summons describes her as "non-respondent mother" and the notice served upon her states that she is not named as a respondent in this proceeding. Nor was a traverse hearing necessary here, as respondent did not specifically dispute his wife's testimony that she had delivered the petition to him (*see Matter of Shaune TT.*, 251 AD2d 758, 758-759 [1998]).

Respondent next argues that even if he were served, he was not in default because he was represented by counsel present at the initial appearance. However, while it is true that an attorney from the Public Defender's office was initially in attendance, the record shows that the attorney was there only at

Family Court's request in contemplation of assigning counsel for respondent. In addition, there is no indication that the attorney had been assigned or retained, or had any contact with respondent prior to the appearance. Further, the attorney did not explain respondent's absence and took no part in the subsequent fact-finding proceeding because he was excused by Family Court once respondent's absence was confirmed. Accordingly, we conclude that Family Court correctly found respondent to be in default for failing to appear without any explanation (*see Matter of Hill v Hillenbrand*, 12 AD3d 980, 981 [2004], *lv denied* 4 NY3d 705 [2005]; *Matter of Semonae YY.*, 239 AD2d 716, 716-717 [1997]).

Finally, respondent's remaining contentions challenging the finding of neglect are not properly before us because he did not appeal from the fact-finding and dispositional order (*see* Family Ct Act § 1112; *see also Matter of Holtzman v Holtzman*, 47 AD2d 620, 620-621 [1975]). Nor could he have appealed the finding of neglect, since he defaulted with respect to the fact-finding hearing (*see Matter of Semonae YY.*, 239 AD2d at 717). Were we to consider his arguments in any event, we would find them to be unavailing.

Mercure, J.P., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.