■ In the Matter of DEBIE L. SCOTT, Respondent, v JESSICA L. JENKINS, Appellant. (Proceeding No. 1.) In the Matter of DEBIE L. SCOTT, Respondent, v JESSICA L. JENKINS, Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of DEBIE L. SCOTT, Respondent, v JESSICA L. JENKINS, Appellant, et al., Respondent. (Proceeding No. 3.) [880 NYS2d 361]—

Lahtinen, J. Appeals from three orders of the Family Court of St. Lawrence County (Potter, J.), entered January 7, 2008, which granted petitioner's applications, in three proceedings pursuant to Family Ct Act article 6, for custody of the children of respondent Jessica L. Jenkins.

Respondent Jessica L. Jenkins is the mother of three chil-

dren, born in 1997, 2001 and 2004. In August 2005, she sent the two oldest children to live with her father and stepmother, petitioner. Thereafter, in March 2006, the youngest child also started residing with petitioner. In July 2006, petitioner was granted orders of guardianship for all three children. The mother has lived away for various periods of time, but has maintained occasional contact with the children. Petitioner was ostensibly informed by a nonlawyer in the local Probation Department that, despite the guardianship orders, the mother could take the children at any time unless petitioner obtained custody orders.[1] In September 2007, petitioner brought these three proceedings seeking custody of the children. The mother was present at the initial appearance before Family Court, the matter was adjourned and, although the mother's counsel appeared on the adjourned date, the mother failed to appear or notify her attorney of her whereabouts. Family Court found the mother in default, took testimony from petitioner and then granted legal custody of the children to petitioner. The mother appeals.

We are unpersuaded by the mother's argument that Family Court erred in finding her in default. A party who fails to appear generally will not be considered in default when the party's attorney is able to offer an explanation for the absence (*see Matter of Harris-Wilks v Harris*, 56 AD3d 1063, 1063-1064 [2008]; *Matter of Kargoe v Mitchell*, 12 AD3d 978, 979 [2004], *appeal dismissed* 4 NY3d 794 [2005]). However, where the attorney is unable to provide a reason for his or her client's failure to appear, a default may be appropriate (*see Matter of Hill v Hillenbrand*, 12 AD3d 980, 981 [2004], *lv denied* 4 NY3d 705 [2005]). "It is well settled that a party cannot appeal from an order entered upon default, the proper procedure being to move to vacate the default and, if necessary, appeal from the denial of that motion" (*Matter of Shabazz v Blackmon*, 274 AD2d 770, 771 [2000], *lv dismissed* 95 NY2d 945 [2000] [internal quotation marks and citation omitted]). Here, the mother's attorney acknowledged that he did not know why the mother failed to appear. Family Court's finding of a default was thus proper, and the appeal must be dismissed (*see id.* at 771; *see also Matter of Thorsland v Ray*, 45 AD3d 1119, 1119 [2007]). Parenthetically, we note that since petitioner had already been awarded legal

---

1. Some of the confusion about the legal powers of guardians and custodians was clarified in recent legislation (*see* L 2008, ch 404 [eff Nov. 3, 2008]).

guardianship,[2] the showing of extraordinary circumstances and best interests of the children (issues raised by the mother in this appeal) should have previously been considered within the context of awarding the nonparent guardianship of the children (*see Matter of Lillian R.*, 12 AD3d 967, 969 [2004]; *see also Matter of Nancy C. v Alison C.*, 57 AD3d 986, 987 [2008]).

Cardona, P.J., Mercure, Spain and Malone Jr., JJ., concur. Ordered that the appeals are dismissed, without costs.

---

2. The prior guardianship orders are not part of the record.