■ In the Matter of NAOMI KK., Respondent, v NATASHA LL., Appellant, et al., Respondent. [914 NYS2d 408]—

Stein, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered March 5, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of respondents' child.

Respondent Natasha LL. (hereinafter respondent) is the mother of Ryan LL. (born 2008). Petitioner—respondent's maternal aunt—commenced this proceeding for custody of the child, who had been placed with petitioner in September 2009 after an abuse petition was filed against respondent. In November 2009, respondent, represented by counsel, appeared before Family Court in a proceeding relating to the abuse petition, the custody petition and other related matters. The court

---

subsequently found the child to have been derivatively abused and derivatively severely abused by respondent based upon findings that she had neglected, abused and severely abused the child's half brothers. Trial of the instant proceeding was initially scheduled for December 2009 and, when respondent appeared with counsel at a court appearance at that time, she was provided with a copy of the custody petition and a pretrial conference was scheduled for March 2010. Respondent was thereafter notified in writing that, among other things, her unexcused absence from any scheduled court proceedings in the matter would constitute a waiver of her right to be present and could result in the court proceeding to an inquest and an order disposing of the matter being entered without further notice. Respondent's counsel appeared at the March 2010 conference, but respondent did not. No reason was provided for respondent's absence and her counsel affirmatively chose to remain silent during the ensuing inquest. Family Court then entered an order on default granting custody to petitioner based upon its determination that extraordinary circumstances existed and that placement with petitioner was in the child's best interest. Respondent now appeals.

An appeal is not permitted from an order entered on default (*see* CPLR 5511), the proper procedure being to move to vacate the default order and, if denied, to appeal from such denial (*see Matter of Scott v Jenkins*, 62 AD3d 1053, 1054 [2009], *lv denied* 13 NY3d 705 [2009]; *Matter of Hill v Hillenbrand*, 12 AD3d 980, 981 [2004], *lv denied* 4 NY3d 705 [2005]). Here, respondent did not appear at the pretrial conference—despite being notified of the date and of the consequences of failing to appear—and no explanation for respondent's absence was provided. Moreover, respondent's counsel did not participate in the proceedings and made no motions on respondent's behalf. While respondent's failure to appear does not automatically result in a default (*see Matter of Semonae YY.*, 239 AD2d 716, 716 [1997]), under these circumstances, entry of default was proper and the appeal must be dismissed (*see Matter of Scott v Jenkins*, 62 AD3d at 1054; *Matter of Semonae YY.*, 239 AD2d at 717; *compare Matter of Jennifer DD.*, 227 AD2d 675, 676 [1996]).

We have considered respondent's remaining contentions and, to the extent they are properly before us, find them to be without merit.

Cardona, P.J., Mercure, Malone Jr. and Garry, JJ., concur. Ordered that the appeal is dismissed, without costs.