■ In the Matter of DEREK P., Appellant, v DORIS Q., Respondent. (And Another Related Proceeding.) [939 NYS2d 151]—

In March 2009, Family Court (Abramson, J.)—upon consent—awarded the parties joint legal custody of the subject child (born in 2002) with primary physical custody to respondent (hereinafter the mother) and visitation to petitioner (hereinafter the father). Thereafter, in July 2010, the father commenced these proceedings seeking both modification of the prior custody order—contending that it would be in the child's best interest for him to be awarded sole custody—and enforcement of the prior order asserting, among other things, that the mother was denying him telephone access to the child.

Following an initial round of court appearances, one of which the father failed to attend, the matters were scheduled for trial on January 27, 2011. At some point prior thereto, the father's then-assigned counsel successfully requested that the trial date be moved to January 19, 2011. Although the father, who was in Florida at the time, expressed his displeasure with this development and asked that he be assigned new counsel, he did not request an adjournment and apparently appeared on that date—only to discover that, following a pretrial conference, the trial had been rescheduled for January 28, 2011. In the interim, the father was assigned new counsel, who thereafter twice sought an adjournment of the trial date, which Family Court (Jensen Bergan, J.) denied. Despite being aware of the new trial date, the father elected to leave New York and, after briefly returning to Florida, traveled to Louisiana—purportedly for health reasons.

When the matter was called for trial on the appointed date, the father, who admittedly had been advised that counsel's requests for an adjournment had been denied, failed to appear. Although Family Court contacted the father by telephone and offered him the opportunity to testify electronically, the father declined, contending that he had not been afforded sufficient time to confer with his new attorney. When questioned as to why the father had not met with counsel, the father stated that he was unwilling to risk his health by returning to the "extreme weather" of a New York winter. Following the mother's motion to dismiss the petitions, Family Court granted the application and dismissed the petitions without prejudice. These appeals by the father ensued.

"It is well settled that a party cannot appeal from an order entered upon default, the proper procedure being to move to vacate the default and, if necessary, appeal from the denial of that motion" (*Matter of Scott v Jenkins*, 62 AD3d 1053, 1054 [2009], *lv denied* 13 NY3d 705 [2009] [internal quotation marks and citations omitted]; *see Matter of Naomi KK. v Natasha LL.*, 80 AD3d 834, 835 [2011], *lv denied* 16 NY3d 711 [2011]). To be sure, "a party's failure to appear does not automatically result in a default" (*Matter of Hill v Hillenbrand*, 12 AD3d 980, 981 [2004], *lv denied* 4 NY3d 705 [2005]; *see Matter of Naomi KK. v Natasha LL.*, 80 AD3d at 835)—particularly where counsel appears upon the absent party's behalf and offers an explanation for his or her failure to attend (*see Matter of Scott v Jenkins*, 62 AD3d at 1054; *Matter of Harris-Wilks v Harris*, 56 AD3d 1063, 1063-1064 [2008]; *Matter of Hill v Hillenbrand*, 12 AD3d at 981). Here, however, notwithstanding the fact that counsel appeared for trial and opposed the mother's motion to dismiss, we have no quarrel with Family Court's finding that the father was in default.

As noted previously, despite being aware of both the rescheduled trial date and the fact that counsel's two requests for an adjournment had been denied, the father nonetheless elected to leave New York and travel to Louisiana by way of Florida. Although the father contended that this was necessary for health reasons, he provided no medical evidence to support his claimed infirmity and, when questioned on this point by Family Court, acknowledged that his current state of health did not preclude him from testifying electronically, which he simply declined to do. To the extent that the father contended that he lacked sufficient funds to remain in the area and attend the scheduled trial, again, this does not explain his failure to testify electronically, and his claimed financial hardship appears to have been occasioned by his entirely voluntary decision to leave the state (*cf. Matter of Ariane I. v David I.*, 82 AD3d 1547, 1548 [2011], *lv denied* 17 NY3d 703 [2011]). Under these circumstances, the father failed to proffer a reasonable excuse for his nonappearance and, in our view, was properly found to be in default (*see id.*). Accordingly, the merits of his appeals, including his assertion that Family Court erred in denying what amounted to his third request for an adjournment, are not properly before us.

Rose, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the appeals are dismissed, without costs.