*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 11, 2014                516539
_____

In the Matter of DEBRA A.
    DESHANE et al.,
                    Respondents,

        v
                                        MEMORANDUM AND ORDER

COREY P. DESHANE,
                    Respondent,

        and

CRYSTAL A. ARQUITTE,
                    Appellant.
_____

Calendar Date:  October 8, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Lynch, JJ.

                    _____

        John A. Cirando, Syracuse, for appellant.

        G. Scott Walling, Schenectady, attorney for the children.

                    _____

Lynch, J.

        Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered March 12, 2013, which granted petitioners' application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject children.

        Petitioners are the paternal grandparents of five minor children (born in 2002, 2005, 2006, 2008 and 2009), whose parents are respondent Crystal A. Arquitte (hereinafter respondent) and

respondent Corey P. Deshane.[1]  In September 2012, petitioners commenced this proceeding seeking custody of all five children. At that time, the two oldest children and the youngest child resided with petitioners, while the other two children had relocated with respondent in August 2012 to an area near the City of Syracuse, Onondaga County.  The proceedings were adjourned several times because petitioners lacked any contact information for respondent.  Eventually, respondent was personally served with a copy of the petition on December 17, 2012 at an address in the Village of Liverpool, Onondaga County.  When respondent failed to appear at a scheduled January 4, 2013 return date, the matter was rescheduled for January 28, 2013, with notice sent to the Liverpool address.  On January 25, 2013, respondent submitted an application to appear by phone listing the Liverpool address on her application.[2]  When respondent failed to appear on January 28, 2013, Family Court rescheduled the matter for a hearing on March 8, 2013, sending a further notice to the Liverpool address and advising that a failure to appear would forfeit her right to participate.  The court also informed respondent of her right to counsel and included a Public Defender application.  On February 6, 2013, counsel from the conflict Public Defender's office filed a notice of appearance on respondent's behalf.  Respondent also faxed a further note to the court on February 13, 2013 seeking to appear by phone for a February 19, 2013 support proceeding.  On March 8, 2013, respondent's counsel appeared, but provided no explanation whatsoever as to the whereabouts of her absent client and failed to participate in the hearing.  The hearing ensued and, upon the consent of the father and the attorney for the children, the court granted the petition.  Respondent now

---

[1]  The attorney for the child advises that the father passed away during the pendency of this appeal.  This proceeding may continue (CPLR 1015 [b]; see Adamec v Mueller, 94 AD3d 1212, 1212 n 2 [2012], lv denied 20 NY3d 856 [2013]).

[2]  Although the application bears the caption for a pending Family Ct Act article 4 proceeding, it lists a January 28, 2013 appearance.  Since the application was incomplete, Family Court left a message requesting a return call, but respondent did not respond.

appeals.

Under the scenario described above, we conclude that Family Court properly deemed respondent in default, notwithstanding the appearance of counsel on her behalf (see Matter of Scott KK. v Patricia LL., 110 AD3d 1260, 1261 [2013], lv dismissed and denied 22 NY3d 1054 [2014]; Matter of Derek P. v Doris Q., 92 AD3d 1103, 1105 [2012], lv dismissed and denied 19 NY3d 831 [2012]; Matter of Naomi KK. v Natasha LL., 80 AD3d 834, 835 [2011], lv denied 16 NY3d 711 [2011]).  We are satisfied that respondent was duly notified of the March 8, 2013 hearing, and she was extended every accommodation by the court to participate.  We also note petitioner Debra A. Deshane's testimony that respondent telephoned her a few days before the hearing advising that she would not attend.  Having defaulted, respondent is precluded from appealing the ensuing order (see Matter of Derek P. v Doris Q., 92 AD3d at 1105).  The proper procedure would be for respondent to move to vacate the default and, if denied, appeal from that order (see Matter of Scott KK. v Patrice LL., 110 AD3d at 1261). As such, the merits of the appeal are not before us.

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur.

ORDERED that the appeal is dismissed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court