In the Matter of DEVON W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LAVERN D., Appellant. (Proceeding No. 1.) In the Matter of DENZEL D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LAVERN D., Appellant. (Proceeding No. 2.) In the Matter of SPENCER D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LAVERN D., Appellant. (Proceeding No. 3.) [5 NYS3d 876]—Appeals from (1) an order of fact-finding of the Family Court, Queens County (Maria Arias, J.), dated July 20, 2012, and entered upon the mother's failure to appear at a fact-finding hearing, and (2) an order of disposition of that court dated October 16, 2013. The order of fact-finding found that the mother had neglected the subject children Devon W. and Denzel D. The order of disposition placed those children in the custody of the Commissioner of Social Services of the City of New York.

Ordered that the appeals are dismissed, without costs or disbursements.

The appeal from the order of disposition, which placed the subject children in the custody of the Commissioner of Social Services of the City of New York until the permanency hearing scheduled for January 17, 2014, must be dismissed as academic, as that portion of the order has expired by its own terms (*see Matter of Alanie H.*, 83 AD3d 1066, 1067 [2011]; *Matter of Latifah C.*, 34 AD3d 798 [2006]).

Generally, the dismissal of the appeal from the order of disposition would not preclude review of an order of fact-finding (*see Matter of Alexandria M. [Mattie M.]*, 108 AD3d 548, 549 [2013]; *Matter of Eddie J.*, 303 AD2d 587, 588 [2003]; *Matter of Chavi S.*, 269 AD2d 454 [2000]). Here, however, the order of fact-finding was entered upon the mother's failure to appear at the fact-finding hearing (*see Matter of Alexandria M. [Mattie M.]*, 108 AD3d at 549; *Matter of Miguel M.-R.B.*, 36 AD3d 613, 613-614 [2007]). Although the mother's attorney appeared at the hearing, he did not actively represent the mother by presenting proof, making objections, or conducting cross-examination on the mother's behalf (*see Matter of John Curtis H.*, 249 AD2d 928, 928 [1998]; *Matter of Ashlee X.*, 244 AD2d 707, 708 [1997]; *Matter of Semonae YY.*, 239 AD2d 716, 716-717 [1997]). The finding of neglect thus cannot be reviewed, since no appeal lies from an order entered upon the default of an appealing party (*see* CPLR 5511; *Matter of Alexandria M. [Mattie M.]*, 108 AD3d at 549; *Matter of Eddie J.*, 303 AD2d at 588; *Matter of Chavi S.*, 269 AD2d at 454). Accordingly, the appeal from the order of fact-finding must also be dismissed. Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.