## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 19, 2015                519069
_____

In the Matter of MYASIA QQ.,
    Alleged to be a Permanently
    Neglected Child.

ALBANY COUNTY DEPARTMENT FOR
    CHILDREN, YOUTH AND                      MEMORANDUM AND ORDER
    FAMILIES,
                    Respondent;

MAHALIA QQ.,
                    Appellant.
_____

Calendar Date:  October 19, 2015

Before:  McCarthy, J.P., Rose, Devine and Clark, JJ.

_____

        Bruce Evans Knoll, Albany, for appellant.

        James J. Green, Albany County Department for Children,
Youth and Families, Albany, for respondent.

        Tracey A. Brown, Delmar, attorney for the child.

_____

Rose, J.

        Appeal from an order of the Family Court of Albany County
(Walsh, J.), entered April 21, 2014, which granted petitioner's
application, in a proceeding pursuant to Social Services Law
§ 384-b, to adjudicate Myasia QQ. to be a permanently neglected
child, and terminated respondent's parental rights.

        Respondent is the mother of Myasia QQ. (born in 2011).  The
child has resided with her paternal aunt since December 2011

pursuant to Family Court orders, and respondent thereafter admitted to neglecting her. In October 2013, petitioner filed a permanent neglect petition seeking to terminate respondent's parental rights. Respondent appeared at the first two court appearances on the petition, but did not appear at the scheduled trial date on January 24, 2014. Respondent's counsel indicated that her attempts to contact respondent that morning had been unsuccessful, and she had no explanation for her absence. Family Court thereafter granted petitioner's motion, supported by the attorney for the child, for a default order on permanent neglect. After an inquest at which petitioner's caseworker testified, the court terminated respondent's parental rights and placed the child in the custody of petitioner.[1] Respondent now appeals.

We are unpersuaded by respondent's contention that Family Court erred in finding that she had defaulted on the permanent neglect petition by not appearing on the scheduled trial date. "To be sure, a respondent's failure to appear at a fact-finding or dispositional hearing does not automatically result in a default," as where counsel appears, explains a client's absence, objects to a finding of default, and actively participates by cross-examining witnesses, offering proof or making motions or arguments (Matter of Semonae YY., 239 AD2d 716, 716 [1997]; see Matter of N. [Fania D.-Alice T.], 108 AD3d 551, 552 [2013]; Matter of Corey UU. [Donna UU.], 85 AD3d 1255, 1256 n 1 [2011], lv denied 17 NY3d 708 [2011]). Here, despite being notified of the scheduled trial date, respondent did not appear and no excuse or explanation was provided for her absence. Contrary to her claim, she was not denied the opportunity to participate in the hearing (cf. Matter of Sonara HH. [Robert HH.], 128 AD3d 1122, 1123-1124 [2015], lvs dismissed 25 NY3d 1220, 1221 [2015]). Moreover, while her counsel appeared, she did not explain respondent's absence and took no part in the proceedings, expressly declining to take a position in order to preserve respondent's "right to reopen the default." Thus, Family Court properly concluded that, notwithstanding the appearance of

---

[1] The child's father was incarcerated and did not appear on the scheduled trial date, but later appeared by phone and consented to the award of custody of the child to his aunt.

counsel on her behalf, respondent defaulted on the petition (see Matter of Devon W. [Lavern D.], 127 AD3d 1098, 1099 [2015]; Matter of Deshane v Deshane, 123 AD3d 1243, 1244 [2014], lv denied 25 NY3d 901 [2015]; Matter of Naomi KK. v Natasha LL., 80 AD3d 834, 835 [2011], lv denied 16 NY3d 711 [2011]).

Moreover, no appeal is permitted from an order entered upon a default (see CPLR 5511; Matter of Scott v Jenkins, 62 AD3d 1053, 1054 [2009], lv denied 13 NY3d 705 [2009]).  The proper procedure was for respondent to move to vacate the default order and establish a reasonable excuse for her default and a potentially meritorious defense (see CPLR 5015 [a] [1]) and, if the motion were denied, to appeal from such denial (see Matter of Deshane v Deshane, 123 AD3d at 1244; Matter of Scott KK. v Patricia LL., 110 AD3d 1260, 1261 [2013], lv dismissed and denied 22 NY3d 1054 [2014]; Matter of Naomi KK. v Natasha LL., 80 AD3d at 835).  Thus, Family Court's entry of a default order was proper and the appeal therefrom must be dismissed.

McCarthy, J.P., Devine and Clark, JJ., concur.


ORDERED that the appeal is dismissed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court