State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  October 27, 2016                521347
                                                       521654

_____

In the Matter of ADELE T.,
    Alleged to be a Permanently
    Neglected Child.

TIOGA COUNTY DEPARTMENT OF                MEMORANDUM AND ORDER
    SOCIAL SERVICES,
                    Respondent,

KASSANDRA T.,
                    Appellant.

_____

Calendar Date:   September 16, 2016

Before:  Peters, P.J., McCarthy, Garry, Clark and Aarons, JJ.

                          _____

        Pamela B. Bleiwas, Ithaca, for appellant.

        Judith Quigley, County Attorney, Owego (Christian Root of
counsel), for respondent.

        Christopher A. Pogson, Binghamton, attorney for the child.

                          _____

Clark, J.

        Appeals from two orders of the Family Court of Tioga County
(Keene, J.), entered June 29, 2015 and August 17, 2015, which
granted petitioner's application, in a proceeding pursuant to
Social Services Law § 384-b, to adjudicate the subject child to
be permanently neglected, and terminated respondent's parental
rights.

        In February 2012, respondent gave birth to a child who was
addicted to drugs and the child was thereafter placed in the care

and custody of petitioner. Respondent consented to a finding of neglect in November 2012, and petitioner commenced this proceeding in February 2015 seeking an adjudication of permanent neglect and termination of respondent's parental rights. After respondent failed to appear on the permanent neglect petition, Family Court issued a warrant for her arrest. Respondent was subsequently arrested, served with the permanent neglect petition and advised that her unexcused absence at the fact-finding hearing scheduled for the following week could result in the court proceeding without her. Respondent's counsel appeared at the fact-finding hearing, but respondent did not. Upon being reached by telephone, respondent stated that her ride to the courthouse had fallen through, but refused to divulge any details regarding that ride and declined Family Court's offer to pause the proceedings to allow a relative to pick her up. Family Court found respondent in default and, after an inquest, adjudicated the child to be permanently neglected. Following a dispositional hearing, at which respondent also did not appear, Family Court terminated respondent's parental rights. Respondent appeals from both the fact-finding order and the dispositional order.

Initially, because no appeal lies as of right from a nondispositional order in a permanent neglect proceeding, respondent's appeal from the fact-finding order must be dismissed (see Matter of Aniya L. [Samantha L.], 124 AD3d 1001, 1002 n [2015], lv denied 25 NY3d 904 [2015]; Matter of Kayden E. [Luis E.], 111 AD3d 1094, 1095 n 2 [2013], lv denied 22 NY3d 862 [2014]). While the fact-finding order is brought up for review on the appeal from the dispositional order (see CPLR 5501 [a] [1]; Matter of Arianna I. [Roger I.], 100 AD3d 1281, 1282 n 1 [2012]), respondent is nevertheless foreclosed from raising issues relating to the fact-finding phase of the proceeding, as a party cannot appeal from an order entered upon default (see CPLR 5511; Matter of Myasia QQ. [Mahalia QQ.], 133 AD3d 1055, 1056 [2015]; Matter of Semonae YY., 239 AD2d 716, 716-717 [1997]). Notwithstanding the appearance of counsel on her behalf at the fact-finding hearing, under the circumstances described above, particularly respondent's rejection of the accommodations offered by Family Court to secure her participation at the hearing,

Family Court properly found respondent to be in default (see Matter of Deshane v Deshane, 123 AD3d 1243, 1244 [2014], lv denied 25 NY3d 901 [2015]; Matter of Derek P. v Doris Q., 92 AD3d 1103, 1105 [2012], lv dismissed and denied 19 NY3d 831 [2012]; Matter of Naomi KK. v Natasha LL., 80 AD3d 834, 835 [2011], lv denied 16 NY3d 711 [2011]).

Respondent's appeal from the dispositional order must similarly be dismissed. Respondent's counsel offered no explanation for respondent's failure to appear at the dispositional hearing, indicated that she had been unable to reach respondent despite various attempts and did not participate in the proceedings or make any motions on respondent's behalf. Given these facts, Family Court properly entered the dispositional order upon respondent's default and, thus, the merits of her appeal from that order are not properly before us (see Matter of Myasia QQ. [Mahalia QQ.], 133 AD3d at 1056-1057; Matter of Naomi KK. v Natasha LL., 80 AD3d at 835). We note that the proper procedure would have been for respondent to have moved to vacate the orders of default and, if necessary, appeal from the denial of those motions (see Matter of Deshane v Deshane, 123 AD3d at 1244; Matter of Derek P. v Doris Q., 92 AD3d at 1105).

Peters, P.J., McCarthy, Garry and Aarons, JJ., concur.

ORDERED that the appeals are dismissed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court