Aarons, J.
Appeal from an order of the Family Court of Chemung County (Tarantelli, J.), entered September 25, 2015, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son (born in 2007). Reportedly, pursuant to a 2009 Family Court order which is not in the record on appeal, the mother had custody of the child, and visitation with the father was provided as agreed to by the parties. In April 2015, the mother filed a pro se petition to modify the 2009 order requesting that visitation be suspended, alleging that the father has been inconsistent with visitations with deleterious consequences for the child. Following the father’s periodic visits, the child — who was diagnosed with attention deficit hyperactivity disorder and is developmentally delayed— reportedly returned home out of control and having not been given his medication. A temporary visitation schedule was put in place pending a hearing.[1] A hearing was later held on September 5, 2015, at which the mother and the child’s therapist testified to the father’s inconsistent visitation with the child and its detrimental impact on him, as well as the child’s ongoing need for therapy, medication, consistency and predictability. The father was represented by counsel who participated in the hearing, but the father did not appear. Fam *1428 ily Court thereafter issued an order partially granting the petition. The father now appeals.
We affirm. Initially, the father contends that he was deprived of due process when the hearing proceeded in his absence, and that counsel’s decision to proceed when he was not present deprived him of the effective assistance of counsel. However, the record reflects that, at the first appearance, Family Court advised the parties that if they were not present at the next scheduled appearance, the court would “continue matters without you.” The parties appeared with counsel at the next scheduled date, at which a temporary visitation order was negotiated, an attorney conference with the court was set for August 5, 2015 and the court set a hearing date of August 31, 2015. The court again advised the parties that if they were not present for the hearing date, it would continue without them. The court subsequently sent a rescheduling notice to counsel for all parties advising them that the hearing was rescheduled to September 9, 2015. On the rescheduled date, the mother and her counsel, the father’s counsel and the attorney for the child appeared, but the father did not appear. Upon inquiry, the father’s attorney represented to the court that the father “had notice of the trial” and that counsel had called the father and left a message the day before directing the father to contact him, but counsel did not request an adjournment. The hearing was then conducted to completion, during which the father was competently represented by counsel, who fully participated.
We are not persuaded by the father’s contention that Family Court abused its discretion and deprived him of due process by proceeding in his absence, given counsel’s representation— which the court necessarily credited — that the father was advised of the rescheduled hearing date, and the father’s failure thereafter to appear or contact the court or counsel (see Matter of Aida B. v Alfredo C., 114 AD3d 1046, 1047-1048 [2014]). Under these circumstances, the father was denied neither his right to counsel (see Family Ct Act §§ 261, 262 [a] [iii]) nor his right to be present and participate in the hearing (cf. Matter of Sonara HH. [Robert HH.], 128 AD3d 1122, 1123 [2015], lvs dismissed 25 NY3d 1220, 1221 [2015]). There is also no indication in this record that the father contacted the court or counsel following the court’s oral ruling at the conclusion of the hearing, but prior to the issuance of a written order, to protest his absence or any claimed lack of notice. To the extent that the father argues that counsel was ineffective in failing to move to vacate the order, there is nothing in the record to support such a motion or the father’s assertions, raised for the *1429 first time on appeal, that he did not receive notice of the rescheduled hearing date.[2] In the absence of any nonspecula-tive basis in the record upon which to conclude that there were grounds for a motion to vacate premised upon his nonappearance, counsel cannot be faulted for failing to make a motion that has “little or no chance of success” (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]; see Matter of Lundyn S. [Al-Rahim S.], 144 AD3d 1511, 1512 [2016]).[3] Further, the father did not move to vacate the order based upon the alleged ineffective assistance of counsel, where a record could have been made on the reasons for his nonappearance (see CPLR 5015 [a]; Matter of Commissioner of Social Servs. of Rensselaer County [Faresta] v Faresta, 11 AD3d 750, 751-752 [2004]).
With regard to the father’s contention that counsel elicited or failed to object to harmful testimony and made a closing argument that supported the mother, the record does not support this conclusion. The child’s therapist testified that, based upon the child’s developmental delays and need for consistency and behavior following visits, the better course would be for the father to transition from consistent weekly phone calls with the child and communication with her to understand the child’s needs, toward in-person visitation. On cross-examination, counsel established, among other points, that the information about the consistency of the visitations, whether the child was being given his medications and his child’s post-visitation behavior was derived from the mother, probing the basis for the therapist’s recommendation against immediate in-person contact. On cross-examination of the mother, counsel elicited that the child had adjusted well following a recent visit with the father. In closing, counsel cogently argued that the child’s behavioral problems had not been persuasively correlated to the father and that the testimony established only one instance of unintentional missed medication and did not support delay *1430 ing in-person visitation. Viewing the record as a whole, we find that it does not support the father’s claim that counsel advocated against his interests, and we are satisfied that he received meaningful assistance (see Matter of Coleman v Millington, 140 AD3d 1245, 1248 [2016]; Matter of Robinson v Bick, 123 AD3d 1242, 1242-1243 [2014]).
Garry, J.P., Egan Jr., Rose and Devine, JJ., concur.
Ordered that the order is affirmed, without costs.

. At the second appearance on June 2, 2015, the parties, represented by counsel, agreed that the father would have visitation on alternating weekends from 5:00 p.m. Friday to 5:00 p.m. Saturday. Following a conference with counsel on August 5, 2015, visitation was set for every Saturday, although the precise hours are not set forth in the record.

. Likewise, despite the father’s suggestion, which is outside the record, that he believed that the hearing was on the original earlier date, i.e., August 31, 2015, there is no indication in the record that he appeared in court on that date.

. While counsel could have opted to ask to be relieved as counsel in order to preserve the father’s right to move to vacate any default order entered against him, we cannot conclude that counsel’s tactical choice to participate and continue to advocate on the father’s behalf constituted ineffective assistance, particularly given the possibility that Family Court would proceed in the father’s absence and issue a decision on the merits suspending all visitation rather than issue a default judgment (see Matter of Myasia QQ. [Mahalia QQ.], 133 AD3d 1055, 1056 [2015]; Matter of Kenneth L. [Michelle B.], 92 AD3d 1245, 1246 [2012]).