■ In the Matter of Madison P. and Another, Alleged to be Abused and/or Neglected Children. Broome County Department of Social Services, Respondent; Kaitlin R., Appellant, et al., Respondent. [58 NYS3d 167]—

Egan Jr., J. Appeals (1) from an order of the Family Court of Broome County (Connerton, J.), entered September 10, 2015, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject chil-

dren to be neglected, and (2) from the orders of protection entered therein.

In April 2014, petitioner commenced this Family Ct Act article 10 proceeding against respondent Kaitlin R. (hereinafter the mother) and respondent Charles P. (hereinafter the boyfriend), alleging that the mother's son (born in 2012) was an abused and neglected child. Specifically, petitioner alleged that the boyfriend abused/neglected the subject child by holding the then two-year-old child's hands under hot water long enough for him to sustain second-degree burns to the backs and palms of both hands. Petitioner further alleged that the mother failed to provide the minimum degree of care by allowing the boyfriend access to the child—despite her knowledge of the boyfriend's malice toward him and, more to the point, in direct contravention of a July 2013 order directing the mother to prevent any contact between the child and the boyfriend. The child temporarily was placed in the custody of his father, Gregory S., who resided in Ohio, and an amended abuse and neglect petition was filed, adding a claim for derivative neglect with respect to a child born to the mother and the boyfriend in 2013.

In October 2014, the mother and the boyfriend consented to a finding of neglect and, by order entered January 15, 2015, Family Court (Young, J.) adjudicated the children to be neglected and scheduled a dispositional hearing for the following month. At some point thereafter, the mother and the boyfriend left New York and apparently relocated to Tennessee—without notifying either petitioner or the court. When the dispositional hearing commenced in June 2015, neither the mother nor the boyfriend appeared—either in person or by telephone. The matter was adjourned until August 2015, at which time the mother and the boyfriend again failed to appear—this time purportedly due to the birth of their second child. Petitioner presented its case, the boyfriend's attorney indicated that his client would consent to an order of protection in favor of the mother's son and the mother's attorney elected not to put on a case. At the conclusion of the hearing, Family Court (Connerton, J.) indicated that it would hold off on rendering a decision for two weeks in order to afford the mother and the boyfriend an opportunity to appear and present testimony. When the mother and the boyfriend failed to do so, Family Court, by order entered September 10, 2015, rendered a disposition with respect to the mother's son and directed petitioner to prepare and submit orders of protection. Family Court thereafter issued two orders of protection upon default (both entered

October 22, 2015), which, insofar as is relevant here, awarded custody of the mother's son to his father, precluded the mother from having any contact with her son pending further proceedings in the state in which the child is located and, additionally, required her to enforce the order of protection issued against her boyfriend. The mother now appeals from Family Court's dispositional order and the orders of protection—primarily asserting that the orders of protection are defective in various respects.

Petitioner and the attorney for the child argue that the appeals must be dismissed because the challenged orders were entered upon default. We agree. "It is well settled that a party cannot appeal from an order entered upon default, the proper procedure being to move to vacate the default and, if necessary, appeal from the denial of that motion" (*Matter of Derek P. v Doris Q.*, 92 AD3d 1103, 1105 [2012] [internal quotation marks and citations omitted], *lv denied and dismissed* 19 NY3d 831 [2012]; *see Matter of Adele T. [Kassandra T.]*, 143 AD3d 1202, 1203 [2016]; *Matter of Deshane v Deshane*, 123 AD3d 1243, 1244 [2014], *lv denied* 25 NY3d 901 [2015]). While "a party's failure to appear does not automatically result in a default—particularly where counsel appears upon the absent party's behalf and offers an explanation for his or her failure to attend" (*Matter of Derek P. v Doris Q.*, 92 AD3d at 1105 [internal quotation marks and citations omitted])—we have no quarrel with Family Court's finding that the mother was in default here.

Although the mother's failure to appear at the August 2015 dispositional hearing purportedly was attributable to her recently giving birth to another child, Family Court noted that there was no documentation to support that claim, and counsel acknowledged that the mother had been afforded an opportunity to appear by telephone. Notwithstanding the mother's failure to appear, Family Court, as noted previously, informed counsel that it would defer rendering a decision in order to afford the mother an opportunity to appear and present proof should she so desire, and counsel for the mother indicated that she would attempt to convey that information to her client. When no further response from the mother was forthcoming, Family Court rendered its dispositional order and entered the relevant orders of protection.

To our analysis, the mother was afforded every opportunity to appear—either in person or by telephone—at the two scheduled dispositional hearings and, despite her failure to do so, thereafter was extended an additional grace period within

which to appear and present proof. The mother elected to leave the state following the fact-finding hearing and, thereafter, ignored counsel's and Family Court's respective efforts to keep her apprised of the scheduled hearings and to afford her an opportunity to offer proof upon her behalf. Under these circumstances, Family Court properly deemed the mother to be in default—a default that the mother has not moved to vacate.

Garry, J.P., Lynch, Clark and Aarons, JJ., concur. Ordered that the appeals are dismissed, without costs.