Matter of Whelan v Baron (2018 NY Slip Op 07213)





Matter of Whelan v Baron


2018 NY Slip Op 07213


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

525174

[*1]In the Matter of JANEEN E. WHELAN, Respondent,
v
JEAN-PHILIPPE BARON, Appellant.

Calendar Date: September 12, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Dennis B. Laughlin, Cherry Valley, for respondent.
Christopher Hammond, Cooperstown, attorney for the child.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Family Court of Otsego County (Burns, J.), entered June 5, 2017, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son (born in 2013). In January 2017, petitioner filed a custody petition and a family offense petition alleging various family offenses committed by the father. In May 2017, a fact-finding hearing was held. Although the father's counsel was present, the father did not appear at the fact-finding hearing. Following its conclusion, Family Court, in a June 2017 order, granted the family offense petition and issued a two-year order of protection in favor of the mother. Family Court also granted the custody petition and, among other things, awarded the mother sole legal and physical custody of the child and suspended the father's visitation with the child subject to any future visitation petitions being filed. The father appeals.
Because the father did not appear at the fact-finding hearing, he was in default and, therefore, his appeal must be dismissed (see Matter of Madison P. [Kaitlin R.], 151 AD3d 1300, 1302 [2017]; Matter of Carolyn Z., 53 AD3d 875, 877 [2008], lv dismissed 11 NY3d 807 [2008]). We note that a party's failure to appear does not automatically result in a default, particularly "where counsel appears, explains [the] client's absence, objects to a finding of default, and actively participates by cross-examining witnesses, offering proof or making motions or arguments" (Matter of Myasia QQ. [Mahalia QQ.], 133 AD3d 1055, 1056 [2015]). Here, even though the father's counsel appeared at the fact-finding hearing, he had no explanation for the father's absence and did not cross-examine the mother, offer any evidence on the father's behalf or make any opening or closing statements. Under these circumstances, we find that the father was in default (see Matter of Richardson v Fitch-Richardson, 135 AD3d 1091, 1092 [2016]; Matter of Naomi KK. v Natasha LL., 80 AD3d 834, 835 [2011], lv denied 16 NY3d 711 [2011]; [*2]compare Matter of Cecelia A., 199 AD2d 582, 583 [1993]). The proper procedure was for the father to move to vacate the June 2017 order and, if necessary, appeal from the order denying that motion (see Matter of Jesse DD. v Arianna EE., 150 AD3d 1426, 1427 [2017]; Matter of Scott KK. v Patricia LL., 110 AD3d 1260, 1261 [2013], lv dismissed and denied 22 NY3d 1054 [2014]).
Garry, P.J., McCarthy, Lynch and Rumsey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.