Matter of Jesse XX. v Danielle YY. (2019 NY Slip Op 04508)





Matter of Jesse XX. v Danielle YY.


2019 NY Slip Op 04508


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

525478

[*1]In the Matter of JESSE XX., Appellant,
v
DANIELLE YY., Respondent.

Calendar Date: April 30, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Michelle I. Rosien, Philmont, for appellant.
Peter E. Smith, Wampsville, attorney for the child.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Family Court of Madison County (McDermott, J.), entered July 18, 2017, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2003). In 2008, the father was convicted of manslaughter in the first degree and was sentenced to a 23-year prison term. Family Court subsequently issued an order allowing the father scheduled visits with the child at the prison, to be facilitated by a paternal relative. In October 2014, the father commenced this violation proceeding alleging that the mother had moved out of state with the child without advising the father of her new address and had terminated the child's contact with the father. The mother moved to dismiss the petition on the ground that New York was an inconvenient forum, and Family Court granted the motion. Upon the father's appeal, this Court reversed and remitted for further proceedings.
Family Court thereafter scheduled a fact-finding hearing and issued a transport order to have the father produced from prison. The father failed to appear at the hearing, and the mother, joined by the attorney for the child, moved to dismiss the petition. Over the opposition of the father's counsel, the court granted the motion and dismissed the proceeding with prejudice. The father appeals, opposed by the attorney for the child.[FN1]
It is well established that no appeal may be taken from an order entered upon default (see CPLR 5511; Matter of Adele T. [Kassandra T.], 143 AD3d 1202, 1203 [2016]; Matter of Myasia QQ. [Mahalia QQ.], 133 AD3d 1055, 1056 [2015]; Matter of Joshua M. v Dimari N., 9 AD3d 617, 619 [2004]), and we reject the father's contention that his failure to appear was not a default. As the father contends, "a party's absence does not necessarily constitute a default, 'particularly where counsel appears upon the absent party's behalf and offers an explanation for [*2]his or her failure to attend'" (Matter of Linger v Linger, 150 AD3d 1444, 1445 [2017], quoting Matter of Derek P. v Doris Q., 92 AD3d 1103, 1105 [2012], lv dismissed and denied 19 NY3d 831 [2012]). Here, however, no such explanation has been offered.
On the hearing date, Family Court stated that it had been advised that the father had refused to leave the correctional facility, despite the transport order. The father's counsel requested an adjournment to permit the father to appear by telephone. The court denied this request, noting that it had previously attempted to arrange for the father to appear at the hearing by video conference, but that this had proved to be impossible as the prison lacked the necessary facilities. The court stated that the father had been advised of this circumstance and had not requested a telephone appearance, nor would such an appearance have been feasible and appropriate, in any event. Shortly thereafter, the father's counsel filed an application for reconsideration, arguing that the father should have been afforded an opportunity to appear by telephone. The application included no affidavit from the father, and his counsel offered no explanation other than speculation for the father's failure to appear.[FN2]
The father argues that his due process rights were violated because the record does not reveal that he had notice that he was required to attend the fact-finding hearing. This assertion is unpreserved for our review (see Matter of Gordon L. v Michelle M., 296 AD2d 628, 630 [2002]). The father made no claim of lack of notice in Family Court, and his counsel conceded in the application for reconsideration that counsel was aware that the fact-finding hearing had been scheduled and that a video conference could not be arranged. There is no record support for the claim that this information was not duly conveyed to the father (see Matter of Ritter v Moll, 148 AD3d 1427, 1428-1429 [2017]; compare Matter of Chloe N. [Joshua N.], 143 AD3d 1114, 1116 [2016]). Accordingly, the father was properly found to be in default. In the absence of a motion to vacate that default, the appeal must be dismissed (see Matter of Ruiz v Gonzalez, 166 AD3d 1353, 1353-1354 [2018]; Matter of Jesse DD. v Arianna EE., 150 AD3d 1426, 1427 [2017]; Matter of Richardson v Fitch-Richardson, 135 AD3d 1091, 1092 [2016]).
Clark, Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: The mother did not file a brief or otherwise appear in the appeal.

Footnote 2: The record does not reveal whether Family Court acted upon this application, which was filed on the same day that the order dismissing the proceeding with prejudice was entered.