Matter of Isabella X. (Richard X.) (2021 NY Slip Op 01097)





Matter of Isabella X. (Richard X.)


2021 NY Slip Op 01097


Decided on February 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

529323 529855

[*1]In the Matter of Isabella X., Alleged to be a Neglected Child. Warren County Department of Social Services, Respondent; Richard X., Appellant. (And Another Related Proceeding.)

Calendar Date: January 7, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Warren County Department of Social Services, Lake George (James B. Lesperance Jr. of counsel), for respondent.
Christopher J. Obstarczyk, Latham, attorney for the child.



Clark, J.
Appeals from two orders of the Family Court of Warren County (Wilson, J.), entered May 9, 2019 and July 18, 2019, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected and derivatively neglected.
In 2017, in a Family Ct Act article 10 proceeding commenced in Washington County, respondent Crystalean Y. (hereinafter the mother) and respondent Richard X. (hereinafter the father) each consented, without admissions, to a finding that they had neglected their son (born in 2016).[FN1] In 2018, following the father's incarceration and the birth of respondents' daughter (born in December 2017) with a positive toxicology screen, petitioner commenced the instant Family Ct Act article 10 proceedings, alleging that the daughter had been neglected by the mother and derivatively neglected by the mother and the father. Although he initially appeared on the petition against him, the father failed to appear for a fact-finding hearing scheduled for March 2019, having previously sent notice to Family Court of his refusal to attend. The father's counsel stated that the father's refusal was a consequence of the father having been sick and unable to travel from the correctional facility. Given this explanation, Family Court adjourned the fact-finding hearing to May 2019. However, in advance of the May 2019 hearing date, the father once again sent notice of his refusal to appear and he thereafter failed to appear on the adjourned date. The father's counsel indicated that, despite having previously prepared for the hearing with the father, her attempts to contact the father that morning had been unsuccessful and that she was unable to provide an explanation for his absence. The mother was similarly absent without explanation.
Notwithstanding respondents' absences, Family Court proceeded with a joint fact-finding hearing on the petitions, during which the father's counsel was present, but elected not to participate in order to preserve the father's rights. Family Court ultimately adjudicated the daughter to have been neglected by the mother and derivatively neglected by the mother and the father. Following a dispositional hearing, which was conducted immediately after the fact-finding hearing, Family Court entered an order directing a continuation of the daughter's placement in the care and custody of petitioner. The father appeals.
The father's appeals must be dismissed, inasmuch as the orders from which he appeals were, under the circumstances of this case, entered upon his default (see CPLR 5511; Matter of Myasia QQ. [Mahalia QQ.], 133 AD3d 1055, 1056 [2015]; Matter of Deshane v Deshane, 123 AD3d 1243, 1244 [2014], lv denied 25 NY3d 901 [2015]). The father should have moved to vacate the orders entered upon his default and, if denied, appealed from such denials (see CPLR 5015 [a] [1]; Matter of Myasia QQ. [Mahalia QQ.], 133 AD3d at 1056).
Garry, P.J., Egan Jr., Lynch [*2]and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeals are dismissed, without costs.



Footnotes

Footnote 1: Respondents subsequently surrendered their parental rights to the son.