Matter of Gabriel VV. (Joni TT.) (2025 NY Slip Op 01412)

Matter of Gabriel VV. (Joni TT.)

2025 NY Slip Op 01412

Decided on March 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 13, 2025

CV-23-1862
[*1]In the Matter of Gabriel VV., Alleged to be an Abandoned Child. Schenectady County Department of Social Services, Respondent; Joni TT., Appellant.

Calendar Date:January 9, 2025

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Lynch, JJ.

Veronica Reed, Schenectady, for appellant.
Christopher H. Gardner, County Attorney, Schenectady (Camille J. Saino Enders of counsel), for respondent.
Jessica Hugabone Vinson, Delmar, attorney for the child.

Aarons, J.
Appeal from an order of the Family Court of Schenectady County (Mark Blanchfield, J.), entered August 16, 2023, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be abandoned, and terminated respondent's parental rights.
Respondent (hereinafter the mother) is the mother of a child (born in 2021) who has been in petitioner's care since shortly after his birth. In August 2022, petitioner commenced this proceeding alleging that the mother had not had meaningful contact with the child for six months and seeking to adjudicate the child abandoned and terminate the mother's parental rights. The mother appeared with assigned counsel in October 2022 and was arraigned on the petition but, despite Family Court's warnings that the mother's in-person appearance at the subsequent fact-finding hearing was mandatory and the hearing would proceed even in her absence, the mother did not appear, nor was her counsel able to contact her. Petitioner moved to enter a default judgment, which motion was supported by the attorney for the child (hereinafter AFC) and unopposed by the mother's counsel. The court granted the motion and proceeded with the hearing; the mother's counsel remained but did not participate. The court withheld decision on the petition until a scheduled January 2023 appearance, which the mother also did not attend. During that appearance, the mother's counsel requested to be relieved, citing multiple unanswered attempts to contact the mother. Ruling from the bench, the court granted counsel's request and, as to the petition, determined the child to be abandoned and terminated the mother's parental rights. The court's ruling on the petition was reduced to an August 2023 decision and order on default, from which order the mother appeals.
The mother contends that Family Court had no basis to find her in default. We disagree. "To be sure, a respondent's failure to appear at a fact-finding or dispositional hearing does not automatically result in a default, as where counsel appears, explains a client's absence, objects to a finding of default, and actively participates by cross-examining witnesses, offering proof or making motions or arguments" (Matter of Myasia QQ. [Mahalia QQ.], 133 AD3d 1055, 1056 [3d Dept 2015] [internal quotation marks and citations omitted]). Here, Family Court advised the mother of the hearing date and admonished her several times that she must appear in person or else the hearing on the petition would go forward without her. The mother's counsel appeared on the hearing date and advised the court that she had been unable to discuss the case with the mother despite several attempts to contact her using the information the mother provided at the October 2022 arraignment. Counsel could therefore not explain the mother's absence but remained at the hearing in case the mother appeared and decided to participate. Counsel otherwise took no part in the proceedings[*2]. Accordingly, Family Court properly found the mother defaulted on the petition (see id.; compare Matter of Richard TT. [Kara VV.], 223 AD3d 1070, 1072 n 3 [3d Dept 2024], appeal dismissed 41 NY3d 989 [2024], and Matter of Elaysia GG. [Amber HH.], 221 AD3d 1338, 1338-1339 [3d Dept 2023], with Matter of Devon W. [Lavern D.], 127 AD3d 1098, 1099 [2d Dept 2015]).
"Moreover, no appeal is permitted from an order entered upon a default" (Matter of Myasia QQ. [Mahalia QQ.], 133 AD3d at 1056 [citation omitted], citing CPLR 5511). "The proper procedure would be for [the mother] to move to vacate the default and, if denied, appeal from that order" (Matter of Deshane v Deshane, 123 AD3d 1243, 1244 [3d Dept 2014] [citation omitted], lv denied 25 NY3d 901 [2015]). Consequently, the mother's contention that Family Court improperly relieved her counsel at the January 2023 appearance is not properly before us (see Matter of Adele T. [Kassandra T.], 143 AD3d 1202, 1204 [3d Dept 2016]; Matter of Scott KK. v Patricia LL., 110 AD3d 1260, 1261 [3d Dept 2013], lv dismissed & denied 22 NY3d 1054 [2014]).
Garry, P.J., Egan Jr., Pritzker and Lynch, JJ., concur.
ORDERED that the appeal is dismissed, without costs.