Appeal by the mother from an order of fact-finding and disposition of the Family Court, Kings County (Alan Beckoff, J.), dated July 18, 2016. The order, upon the mother’s failure to appear at a continued fact-finding hearing, found that the mother abandoned the subject child, terminated the mother’s parental rights, and transferred custody and guardianship of the child to MercyFirst and the Commissioner of the Administration for Children’s Services for the purpose of adoption.
 

 Ordered that the appeal is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the mother’s attorney’s application for an adjournment; and it is further,
 

 Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
 

 The Family Court properly determined that the mother’s failure to appear in court on the third and final day of the fact-finding hearing constituted a default. Although the mother’s attorney was present on that day, the attorney made it clear that the attorney was no longer participating in the trial, and she was unable to explain the mother’s absence (see Matter of Iyana W. [Shamark W.], 124 AD3d 418 [2015]; Matter of Jalaya A.C. [Deidra J.], 112 AD3d 623, 624 [2013]; Matter of Joseph N., 45 AD3d 849 [2007]; Matter of T’Challaarkiesha Janette Jouslin R.-D., 25 AD3d 803, 804 [2006]; Matter of Hill v Hillenbrand, 12 AD3d 980, 981 [2004]). Since no appeal lies from an order entered on default, the order is not appealable (see CPLR 5511; Matter of Jayden R., 61 AD3d 486 [2009]; Matter of Darryl P., 228 AD2d 176 [1996]).
 

 However, the denial of the mother’s attorney’s application to adjourn the rest of the fact-finding hearing is appealable because that request was “the subject of contest below” (Adotey v British Airways, PLC, 145 AD3d 748, 749 [2016] [internal quotation marks omitted]; Matter of William Jamal W. [Marjorie C.], 89 AD3d 502 [2011]; Diamond v Diamante, 57 AD3d 826, 827 [2008]; Matter of Constance P v Avraam G., 27 AD3d 754, 755 [2006]). The Family Court providently exercised its discretion in denying the application for an adjournment, as the mother’s attorney failed to offer any explanation for the mother’s absence on the final day of the fact-finding hearing (see Matter of Kinara C. [Jerome C.], 89 AD3d 839, 841 [2011]; Matter of Sanaia L. [Corey W.], 75 AD3d 554, 554-555 [2010]).
 

 The mother’s remaining contentions are not properly before this Court.
 

 Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.