Yi Jing Tan v Liang (2018 NY Slip Op 02497)





Yi Jing Tan v Liang


2018 NY Slip Op 02497


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-01508
 (Index No. 702679/12)

[*1]Yi Jing Tan, etc., et al., appellants, 
v
Gary Liang, et al., respondents.


Yinghao Yang, New York, NY, for appellants.
Wang Law Office, PLLC, Flushing, NY (Jean Wang of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Queens County (Duane A. Hart, J.), dated December 7, 2015. The order, insofar as appealed from, sua sponte, directed dismissal of the complaint pursuant to 22 NYCRR 202.27.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, and the matter is remitted to the Supreme Court, Queens County, for an inquest; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
In 2012, the plaintiffs commenced this action, alleging, inter alia, breach of fiduciary duty and unjust enrichment, and seeking to void certain stock transfers and real estate transfers. The plaintiffs were awarded a default judgment, and an inquest on damages was directed. The inquest was scheduled for November 18, 2015, and the parties appeared for the inquest on that day. The Supreme Court adjourned the matter to the next day, November 19, 2015, over the plaintiffs' objection and despite a request of the plaintiffs' counsel for an adjournment to a different day because she was unavailable on November 19. On November 19, 2015, the plaintiffs were represented by a per diem attorney, who was unprepared to proceed with the inquest. The court, sua sponte, directed dismissal of the complaint pursuant to 22 NYCRR 202.27. The plaintiffs appeal.
A sua sponte order is appealable if leave to appeal is granted (see CPLR 5701[c]). Moreover, although the order appealed from was entered upon the plaintiffs' purported default, the issues of the plaintiffs' lack of readiness to proceed, and whether it was excusable, were "the subject of contest below" (Matter of Andrew J.U.M. [Jelaine E.M.], 154 AD3d 758, 759 [internal quotation marks omitted]; see James v Powell, 19 NY2d 249, 256 n 3) and, therefore, are subject to review on appeal.
Pursuant to 22 NYCRR 202.27(b), a court has the discretion to direct dismissal of a complaint where the plaintiff fails to appear or is not ready to proceed. Here, the Supreme Court based its decision to dismiss the complaint upon the plaintiffs' lack of readiness to proceed on November 19, 2015, a date to which the court adjourned the matter despite its awareness that the plaintiffs' counsel would not be available. Under the circumstances presented, the court improvidently exercised its discretion in, sua sponte, directing dismissal of the complaint (see Bank of N.Y. v Castillo, 120 AD3d 598, 599).
RIVERA, J.P., COHEN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court