Matter of Zowa D. P. (Jenia W.) (2021 NY Slip Op 00175)





Matter of Zowa D. P. (Jenia W.)


2021 NY Slip Op 00175


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-11996
 (Docket No. B-6773-18)

[*1]In the Matter of Zowa D. P. (Anonymous). Westchester County Department of Social Services, respondent; Jenia W. (Anonymous), appellant.


Carol Carozza, New Rochelle, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (David H. Chen and Jonathan W. Campozano of counsel), for respondent.
Thomas F. Fanelli, Jr., White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Michelle I. Schauer, J.), dated August 26, 2019. The order, upon the mother's failure to appear at a continued fact-finding hearing, found that the mother abandoned the subject child, terminated the mother's parental rights, and transferred custody and guardianship of the child to the petitioner for the purpose of adoption.
ORDERED that the appeal is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the mother's attorney's application for an adjournment; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The subject child was born in 2008. In June 2018, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of abandonment. After the mother failed to appear at a continued fact-finding hearing, the Family Court denied the mother's attorney's request to adjourn the hearing. Thereafter, the court made factual findings, upon the mother's default, that the petition was established. The court determined that a dispositional hearing was unwarranted and immediately made a disposition, upon the mother's default, terminating the mother's parental rights and freeing the child for adoption. The mother appeals from the order of fact-finding and disposition.
We agree with the Family Court's determination that the mother's failure to appear in court on the fourth and final day of the fact-finding hearing constituted a default. Although the mother's attorney was present on that day, after the court denied the request to adjourn the hearing, the attorney made it clear that the attorney was no longer participating in the hearing (see Matter of [*2]Andrew J.U.M. [Jelaine E.M.], 154 AD3d 758, 758; Matter of Zulme v Maehrlein, 133 AD3d 608, 609; Matter of Iyana W. [Shamark W.], 124 AD3d 418, 418; Matter of Li Wong v Fen Liu, 121 AD3d 692, 693; Matter of Joseph Kenneth B., 47 AD3d 809). Since no appeal lies from an order entered on default, the order is not appealable (see CPLR 5511; Matter of Saporito v Ward, 160 AD3d 651; Matter of Andrew J.U.M. [Jelaine E.M.], 154 AD3d 758, 759).
However, the denial of the mother's attorney's application to adjourn the continued fact-finding hearing is appealable because that request was "'the subject of contest below'" (Matter of Andrew J.U.M. [Jelaine E.M.], 154 AD3d at 759, quoting Adotey v British Airways, PLC, 145 AD3d 748, 749). Here, in light of, inter alia, the lack of a reasonable explanation for the mother's absence, the mother's history of missing court dates, the length of the pendency of the proceeding, and the merits of the proceeding, the Family Court providently exercised its discretion in denying the mother's attorney's request for an adjournment (see Matter of Jacqueline E.S.B. [Daniel B.], 160 AD3d 828, 829; Matter of Serenity C.W. [Antoinette W.], 158 AD3d 716, 717; Matter of Demetrious L.K. [James K.], 157 AD3d 796, 797; Matter of Ca'leb R. D. [Mary D.S.], 121 AD3d 890, 891; Matter of Jahira N.D. [Shaniqua S.S.], 111 AD3d 826, 827). Moreover, under the circumstances, the mother was not deprived of her due process right to be present at the continued fact-finding hearing (see Matter of Jasiah T.-V. S.J. [Joshua W.-Shatesse J.], 166 AD3d 876, 878; Matter of Jacqueline E.S.B. [Daniel B.], 160 AD3d at 829; Matter of Demetrious L.K. [James K.], 157 AD3d at 797).
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court