Matter of Vallencia P. (Valdissa R.) (2023 NY Slip Op 02007)

Matter of Vallencia P. (Valdissa R.)

2023 NY Slip Op 02007

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2022-04041
 (Docket No. N-1068-21)

[*1]In the Matter of Vallencia P. (Anonymous). Administration for Children's Services, respondent; Valdissa R. (Anonymous), appellant.

Wendy Gildin, Fresh Meadows, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jesse A. Townsend and Eva L. Jerome of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Erik S. Pitchal, J.), dated March 4, 2022. The order of fact-finding and disposition, insofar as appealed from, upon the mother's failure to appear at a continued fact-finding hearing, found that the mother neglected the subject child.
ORDERED that the appeal is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the mother's attorney's application for an adjournment (see CPLR 5511; Matter of Zowa D.P. [Jenia W.], 190 AD3d 744, 744); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
In February 2021, the Administration for Children's Services commenced this proceeding pursuant to Family Court Act article 10 alleging that the mother neglected the subject child. On March 4, 2022, the mother failed to appear for a continued fact-finding hearing, and her attorney requested an adjournment. The Family Court denied the request for an adjournment, proceeded with the fact-finding hearing, and conducted a dispositional hearing. The mother's attorney did not participate in the hearings in the mother's absence. After the fact-finding and dispositional hearings, the court issued an order of fact-finding and disposition, inter alia, finding that the mother neglected the child. The mother appeals.
The mother's failure to appear on the second and final day of the fact-finding hearing constituted a default. Although the mother's attorney was present on that day, after the Family Court denied the attorney's request to adjourn the hearing, the attorney made it clear that he was no longer participating in the hearing (see Matter of Zowa D.P. [Jenia W.], 190 AD3d at 744; Matter of [*2]Jeremiah G.F. [Gideon F.], 160 AD3d 731, 732). Since the order of fact-finding and disposition appealed from was made upon the mother's default, "review is limited to matters which were the subject of contest in the Family Court" (Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 960; see CPLR 5511; Matter of Demetrious L.K. [James K.], 157 AD3d 796, 796).
The denial of the mother's attorney's request to adjourn the continued fact-finding hearing is appealable because that request was the subject of contest in the Family Court (see Matter of Zowa D.P. [Jenia W.], 190 AD3d at 745; Matter of Demetrious L.K. [James K.], 157 AD3d at 796; Matter of Andrew J.U.M. [Jelaine E.M.], 154 AD3d 758, 759). The Family Court providently exercised its discretion in denying the mother's attorney's request for an adjournment, as the mother had a history of missing court dates and the attorney failed to offer any explanation for the mother's absence on the final day of the fact-finding hearing (see Family Ct Act § 1048[a]; Matter of Zowa D.P. [Jenia W.], 190 AD3d at 745; Matter of Andrew J.U.M. [Jelaine E.M.], 154 AD3d at 759).
BARROS, J.P., MALTESE, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court