Matter of King D. C. (Abigail R.) (2023 NY Slip Op 02873)

Matter of King D. C. (Abigail R.)

2023 NY Slip Op 02873

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2022-02106
2022-02109
2022-02110
2022-02111
 (Docket Nos. B-3843-20, B-3849-20, B-3851-20, B-3852-20)

[*1]In the Matter of King D. C. (Anonymous). Suffolk County Department of Social Services, respondent; 
and
Abigail R. (Anonymous), appellant. (Proceeding No. 1) In the Matter of Princedevin Y. R. (Anonymous). Suffolk County Department of Social Services, respondent; Abigail R. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Tahiem N. G. (Anonymous). Suffolk County Department of Social Services, respondent; Abigail R. (Anonymous), appellant. (Proceeding No. 3)
In the Matter of Massiah M. S. (Anonymous). Suffolk County Department of Social Services, respondent; Abigail R. (Anonymous), appellant. (Proceeding No. 4)

Salvatore C. Adamo, Patchogue, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (Karin A. Bohrer of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from four orders of fact-finding and disposition of the Family Court, Suffolk County (Matthew Hughes, J.) (one as to each child), all dated February 9, 2022. The orders of fact-finding and [*2]disposition, after a fact-finding hearing, and upon the mother's failure to appear at the fact-finding hearing and her counsel's election, in effect, to remain mute, found that the mother abandoned the subject children, terminated her parental rights, and transferred custody and guardianship of the children to stated parties for the purpose of adoption.
ORDERED that the appeals are dismissed, without costs or disbursements.
The mother's contention that the petitioner failed to prove that she abandoned the subject children is not properly before this Court as those findings were made upon the mother's default and, as such, are not appealable (see CPLR 5511; Matter of Zowa D.P. [Jenia W.], 190 AD3d 744, 744-745; Matter of Joseph Kenneth B., 47 AD3d 809, 809; Matter of Geraldine Rose W., 196 AD2d 313). To the extent the mother challenges findings by the Family Court that she permanently neglected the subject children, she must seek relief, if anywhere, in the related proceedings to terminate her parental rights on that ground. Those matters are not the subject of the orders appealed from (see generally Matter of John M. [Danielle Mc.], 111 AD3d 639, 639).
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court