Matter of Donaisha B. (Lisa G.) (2023 NY Slip Op 03777)

Matter of Donaisha B. (Lisa G.)

2023 NY Slip Op 03777

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-07339
 (Docket Nos. B-11335-20, B-11339-20, B-11343-20)

[*1]In the Matter of Donaisha B. (Anonymous). Catholic Guardian Services, respondent; Lisa G. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Sarah B. (Anonymous). Catholic Guardian Services, respondent; Lisa G. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Jaylen B. (Anonymous). Catholic Guardian Services, respondent; Lisa G. (Anonymous), appellant. (Proceeding No. 3.)

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Magovern & Sclafani, Mineola, NY (Frederick J. Magovern and Joanna M. Roberson of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated August 24, 2022. The order of disposition, upon an order of fact-finding of the same court dated August 5, 2022, entered upon the mother's failure to appear at a fact-finding hearing, finding that the mother permanently neglected the subject children, and after a dispositional hearing, in effect, terminated the mother's parental rights and transferred guardianship and custody of the subject children to the petitioner for the purpose of adoption.
ORDERED that the appeal is dismissed, without costs or disbursements, except with respect to matters which were the subject of contest (see CPLR 5511; Matter of Justyn H. [Laverne H.], 191 AD3d 876); and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b [*2]to terminate the mother's parental rights to the subject children on the ground of permanent neglect. The mother failed to appear at a fact-finding hearing and a continued fact-finding hearing, and her attorney did not participate after the Family Court denied his requests for an adjournment. After the fact-finding hearing, the court found that the petitioner had shown, by clear and convincing evidence, that the mother permanently neglected the children and noted that the court drew the strongest negative inference against the mother for her failure to appear at the fact-finding hearing. After a dispositional hearing, the court found that it was in the best interests of the children to free them for adoption. In an order of disposition dated August 24, 2022, the court, in effect, terminated the mother's parental rights and transferred guardianship and custody of the children to the petitioner for the purpose of adoption. The mother appeals.
The appeal from so much of the order of disposition as brings up for review the Family Court's finding of permanent neglect of the children by the mother must be dismissed. The mother failed to appear at the fact-finding hearing, and although her attorney was present at the hearing, he did not participate. Since no appeal lies from an order that is entered on the default of the appealing party, the finding of permanent neglect cannot be reviewed (see CPLR 5511; Matter of Devon W. [Lavern D.], 127 AD3d 1098, 1099; Matter of Alexandria M. [Mattie M.], 108 AD3d 548, 549).
Contrary to the mother's contention, the Family Court providently exercised its discretion in denying her attorney's requests for adjournments of the fact-finding hearing in light of the mother's failure to provide a reasonable explanation for her failure to attend, the merits of the proceedings, and the effect the adjournments would have on the children by prolonging the proceedings (see Matter of Serenity C.W. [Antoinette W.], 158 AD3d 716, 717; Matter of Demetrious L.K. [James K.], 157 AD3d 796, 797; Matter of Sanaia L. [Corey W.], 75 AD3d 554, 555).
The Family Court properly found, by a preponderance of the evidence adduced at the dispositional hearing, at which the mother testified, that it was in the best interests of the children to free them for adoption, as the children had been in their respective foster homes for a prolonged period of time and had developed positive and nurturing relationships with their foster parents, they did not want to return to the mother's care or to have contact with the mother, and the mother had not seen the children for approximately two years prior to the dispositional hearing (see Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 955; Matter of Dariuss M.D.-B. [Darnell B.], 187 AD3d 904, 906-907).
The remaining contention of the attorney for the children is without merit.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court