Matter of Anastasia N.A. (Latonia J.) (2023 NY Slip Op 03776)

Matter of Anastasia N.A. (Latonia J.)

2023 NY Slip Op 03776

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-07338
 (Docket Nos. B-900-20, B-902-20)

[*1]In the Matter of Anastasia N. A. (Anonymous). Westchester County Department of Social Services, respondent; Latonia J. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Joel A. (Anonymous), etc. Westchester County Department of Social Services, respondent; Latonia J. (Anonymous), appellant. (Proceeding No. 2.)

William D. Eddy, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for respondent.
Andrew W. Szczesniak, White Plains, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Westchester County (Nilda Morales-Horowitz, J.), dated August 22, 2022. The order, insofar as appealed from, upon the mother's failure to appear at a hearing, revoked an order of suspended judgment of the same court dated March 8, 2022, terminated the mother's parental rights to the subject children, and freed the children for adoption.
ORDERED that the appeal is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the application of the mother's attorney for an adjournment (see CPLR 5511; Matter of Zowa D.P. [Jenia W.], 190 AD3d 744, 744); and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
In 2020, the petitioner commenced these proceedings to terminate the mother's parental rights to the subject children on the ground of permanent neglect. The mother consented to a finding of permanent neglect, and an order of suspended judgment dated March 8, 2022, was issued upon certain conditions. After the mother allegedly violated the terms and conditions of the suspended judgment, the petitioner moved to revoke the order of suspended judgment and terminate the mother's parental rights.
On July 7, 2022, the mother failed to appear at a violation hearing, and her attorney made an application for an adjournment. The Family Court denied the application and proceeded [*2]with the hearing. The mother's attorney did not participate in the hearing in the mother's absence. After the hearing, the court issued an order, inter alia, revoking the order of suspended judgment, terminating the mother's parental rights, and freeing the children for adoption. The mother appeals.
The mother's failure to appear at the hearing constituted a default. Although the mother's attorney was present, after the Family Court denied the attorney's application to adjourn the hearing, the attorney made it clear that he was no longer participating in the hearing (see Matter of Zowa D.P. [Jenia W.], 190 AD3d at 744; Matter of Jeremiah G.F. [Gideon F.], 160 AD3d 731, 732). Since the order appealed from was made upon the mother's default, "review is limited to matters which were the subject of contest in the Family Court" (Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 960; see CPLR 5511; Matter of Vallencia P. [Valdissa R.], 215 AD3d 850, 851).
The denial of the application of the mother's attorney to adjourn the hearing can be reviewed on appeal because that request was the subject of contest in the Family Court (see Matter of Zowa D.P. [Jenia W.], 190 AD3d at 745; Matter of Demetrious L.K. [James K.], 157 AD3d 796, 796). In light of, inter alia, the untimely application for an adjournment, the lack of a reasonable explanation for the mother's absence, the mother's history of missing court dates, and the merits of the proceedings, the Family Court providently exercised its discretion in denying the mother's attorney's application for an adjournment (see Matter of Zowa D.P. [Jenia W.], 190 AD3d at 745; Matter of Demetrious L.K. [James K.], 157 AD3d at 797; Matter of Sanaia L. [Corey W.], 75 AD3d 554, 554-555).
DILLON, J.P., BARROS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court