Matter of Destiny F. S. J. (Elio F. S.) (2023 NY Slip Op 05501)

Matter of Destiny F. S. J. (Elio F. S.)

2023 NY Slip Op 05501

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-08947
2022-08949
2022-08951
 (Docket Nos. B-13094-18, B-13095-18, B-13096-18)

[*1]In the Matter of Destiny F. S. J. (Anonymous). SCO Family of Services, petitioner-respondent; Elio F. S. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Leah F. S. J. (Anonymous). SCO Family of Services, petitioner-respondent; Elio F. S. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Melady F. S. J. (Anonymous). SCO Family of Services, petitioner-respondent; Elio F. S. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)

Richard L. Herzfeld, New York, NY, for appellant.
Leventhal Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from three orders of fact-finding and disposition of the Family Court, Queens County (Monica Shulman, J.) (one as to each child), all dated October 13, 2022. The orders of fact-finding and disposition, after fact-finding and dispositional hearings, and upon the father's failure to appear at the continued fact-finding hearing and the dispositional hearing, found that he permanently neglected the subject children, terminated his parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the appeals are dismissed, without costs or disbursements, except insofar as they bring up for review the denial of the father's attorney's applications for [*2]adjournments of the fact-finding and dispositional hearings and the father's claims of ineffective assistance of counsel (see CPLR 5511; Matter of Daija K.P. [Danielle P.], 129 AD3d 1087); and it is further,
ORDERED that the orders of fact-finding and disposition are affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights to the subject children. On the third day of a fact-finding hearing, when the father was scheduled to continue his testimony, he failed to appear at the virtual hearing. The father was aware that the hearing was continuing on this date, as he was present when the Family Court set the date. Prior to the commencement of the continued hearing, the court gave the father's attorney an opportunity to reach out to the father, but the attorney advised the court that he left a message, as the father's phone went to voicemail. The father's attorney did not know the reason for his client's absence and made an application for an adjournment, but the court denied the application. The court also denied the father's attorney's application for an adjournment of the dispositional hearing, which was held on that same day. Although the father's attorney was present at the continued fact-finding hearing and the dispositional hearing, he did not participate. By orders of fact-finding and disposition, all dated October 13, 2022, the court, inter alia, terminated the father's parental rights and transferred custody and guardianship of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The father appeals.
A party may not appeal from an order entered upon his or her default (see CPLR 5511; Matter of Donaisha B. [Lisa G.], 218 AD3d 565, 566; Matter of Andrew J.U.M. [Jelaine E.M.], 154 AD3d 758, 759). The father failed to appear at the continued fact-finding hearing and the dispositional hearing, and although his attorney was present, he did not participate. Thus, since the orders of fact-finding and disposition appealed from were made upon the father's default, review is limited to matters which were the subject of contest in the Family Court (see Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 960; Matter of Andrew J.U.M. [Jelaine E.M.], 154 AD3d at 759).
The Family Court providently exercised its discretion in denying the applications of the father's attorney to adjourn the continued fact-finding hearing and the dispositional hearing in light of the father's absence and his failure to provide any explanation for his absence, the merits of the proceedings, and the effect the adjournment would have had on the children by prolonging the proceedings (see Matter of Donaisha B. [Lisa G.], 218 AD3d at 566; Matter of Serenity C.W. [Antoinette W.], 158 AD3d 716, 717).
The father's contention that he was deprived of the effective assistance of counsel is without merit (see Matter of Shannon NN. v Tarrin OO., 194 AD3d 1138, 1139; Matter of Geraldine Rose W., 196 AD2d 313, 318-319).
DILLON, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court