Matter of Otero v Walker (2023 NY Slip Op 05607)

Matter of Otero v Walker

2023 NY Slip Op 05607

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2022-06719
 (Docket No. V-18069-17/21)

[*1]In the Matter of Esther Walker Otero, respondent,
v
Deishawn F. Walker, appellant.

Salvatore C. Adamo, New York, NY, for appellant.
Darla A. Filiberto, Islandia, NY, for respondent.
Geanine Towers, Brooklyn, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Alfred C. Graf, J.), dated June 17, 2022. The order, upon the father's failure to appear at a hearing, and upon the denial of the application of the father's attorney to set the matter down for an inquest, granted the mother's petition to modify an order of the same court (Kerri N. Lechtrecker, Ct. Atty. Ref.) dated December 11, 2017, so as to award her sole legal and residential custody of the subject child.
ORDERED that the appeal is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the application of the father's attorney to set the matter down for an inquest (see CPLR 5511; Katz v Katz, 68 AD2d 536); and it is further,
ORDERED that the order dated June 17, 2022, is reversed insofar as reviewed, on the law and in the exercise of discretion, without costs or disbursements, the application of the father's attorney to set the matter down for an inquest is granted, the determination granting the mother's petition is vacated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith, to be held with all convenient speed; and it is further,
ORDERED that in the interim, and pending the new determination, the provisions of the order dated June 17, 2022, regarding the legal and residential custody of the child and parental access, shall remain in effect.
The parties are the parents of the subject child of this proceeding. Pursuant to an order dated December 11, 2017 (hereinafter the prior order), entered upon consent, the parties were awarded joint legal custody of the child, with residential custody awarded to the mother and parental access to the father at such times as agreed between the parties. In April 2021, the mother commenced this proceeding pursuant to Family Court Act article 6 to modify the prior order so as to award her sole legal and residential custody of the child.
On June 17, 2022, the father failed to appear for a hearing, and his attorney made an application to set the matter down for an inquest on the mother's petition. The Family Court denied the application. In an order dated June 17, 2022, the court granted the mother's petition upon the father's default. The father appeals.
Where an order is made upon a party's default, review is limited to matters which were the subject of contest in the Family Court (see Matter of Anastasia N.A. [Latonia J.], 218 AD3d 563, 564-565; Matter of Vallencia P. [Valdissa R.], 215 AD3d 850, 851). Accordingly, in this case, review is limited to the denial of the application of the father's attorney to set the matter down for an inquest.
"A custody determination, whether made upon the default of a party or not, must always have a sound and substantial basis in the record" (Matter of Sims v Boykin, 130 AD3d 835, 836; see Matter of Hogan v Smith, 206 AD3d 808, 810). Generally, the court's determination should be made only after "a full and plenary hearing and inquiry" (S.L. v J.R., 27 NY3d 558, 563 [internal quotation marks omitted]; see Matter of Ling Da Chen v Yue Hua Zhou, 39 AD3d 753, 753), or, where a party failed to appear, after an inquest (see e.g. Matter of Jones v Spain, 188 AD3d 1209, 1209; Matter of Rivera v Diaz, 185 AD3d 695, 695).
Here, the Family Court granted the mother's petition to modify the prior order, upon the father's default, without receiving any testimony or other evidence, despite the fact that the father's attorney proffered a reasonable explanation for the father's absence and that the father did not have a history of missing court dates (cf. Matter of Anastasia N.A. [Latonia J.], 218 AD3d at 565). Under the circumstances, the court improvidently exercised its discretion in denying the application of the father's attorney to set the matter down for an inquest (see Matter of Williams v Worthington, 194 AD3d 825, 826; see generally Matter of Vidal v Mintzer, 309 AD2d 756, 758; Saborio v Saborio, 147 AD2d 468, 469).
Accordingly, we reverse the order dated June 17, 2022, insofar as reviewed, grant the application of the father's attorney to set the matter down for an inquest, vacate the determination granting the mother's petition, and remit the matter to the Family Court, Suffolk County, for an inquest and a new determination thereafter of the mother's petition.
DUFFY, J.P., MALTESE, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court