Matter of Donald M. P. (Martinique P.) (2024 NY Slip Op 00075)

Matter of Donald M. P. (Martinique P.)

2024 NY Slip Op 00075

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-08732
 (Docket No. N-9638-20)

[*1]In the Matter of Donald M. P. (Anonymous). Administration for Children's Services, respondent; Martinique P. (Anonymous), appellant.

Helene Bernstein, Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Julie Steiner of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Diane Pazar, and Jaclyn Goodman of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Kings County (Jacqueline B. Deane, J.), dated September 26, 2022, as amended June 22, 2023. The order of fact-finding, as amended, upon the mother's failure to appear at a fact-finding hearing, and after an inquest, found that she derivatively neglected the subject child.
ORDERED that the appeal is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the mother's attorney's application for an adjournment (see CPLR 5511; Matter of Vallencia P. [Valdissa R.], 215 AD3d 850, 851); and it is further,
ORDERED that the order of fact-finding, as amended, is affirmed insofar as reviewed, without costs or disbursements.
The order of fact-finding, as amended, was entered upon the mother's failure to appear at a fact-finding hearing (see e.g. Matter of Harlem H.H. [Coty H.], 218 AD3d 579, 581; Matter of Bartosz B. [Andrezej B.], 187 AD3d 894, 896). Among other reasons, although the mother's attorney appeared at the fact-finding hearing, she elected not to participate and she did not actively represent the mother by presenting evidence or making objections (see Matter of Devon W. [Lavern D.], 127 AD3d 1098, 1099), except to the extent that she objected to the Family Court's decision to proceed in the mother's absence. Since the finding of derivative neglect was made upon the mother's default, review is limited to matters that were the subject of contest in the Family Court (see CPLR 5511; Matter of Vallencia P. [Valdissa R.], 215 AD3d at 851).
Under the circumstances present here, the mother's contention that the Family Court improvidently exercised its discretion in denying her attorney's application for an adjournment is without merit (Matter of Vallencia P. [Valdissa R.], 215 AD3d at 851-852; Matter of Zowa D.P. [Jenia W.], 190 AD3d 744, 745).
DILLON, J.P., MILLER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court