Matter of Ramirez v Colon (2024 NY Slip Op 01312)

Matter of Ramirez v Colon

2024 NY Slip Op 01312

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2021-05294
2021-08257
 (Docket No. V-2737-20)

[*1]In the Matter of Ceasare Ramirez, respondent,
v
Stephanie E. Colon, appellant.

Richard J. Cardinale, Brooklyn, NY, for appellant.
Salvatore C. Adamo, New York, NY, for respondent.
Tammi D. Pere, Jamaica, NY, attorney for the child.
In a proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Queens County (Elizabeth L. Fassler, J.), dated May 24, 2021, and (2) an amended order of the same court dated October 22, 2021. The order and the amended order granted the father's petition for sole legal and residential custody of the parties' child.

DECISION & ORDER
By order to show cause dated January 10, 2022, the parties were directed to show cause before this Court why an order should or should not be made dismissing the appeals on the ground that no appeal lies from an order issued upon the default of the appealing party and/or dismissing the appeal from the order as superseded by the amended order. By decision and order on motion of this Court dated March 4, 2022, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the submission of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from the order is granted and that appeal is dismissed, without costs or disbursements, as that order was superseded by the amended order; and it is further,
ORDERED that the branch of the motion which is to dismiss the appeal from the amended order is granted to the extent that the appeal from the amended order is dismissed, without costs or disbursements, except insofar as it brings up for review the mother's claims of ineffective assistance of counsel (see CPLR 5511), and that branch of the motion is otherwise denied; and it is further,
ORDERED that the motion is otherwise denied as academic; and it is further,
ORDERED that the amended order is affirmed insofar as reviewed, without costs or disbursements.
The mother's contention that the Family Court failed to conduct a full evidentiary hearing is not properly before this Court, as "[n]o appeal lies from an order made upon the default of the appealing party" (Matter of Saporito v Ward, 160 AD3d 651, 651 [internal quotation marks omitted]). "The proper procedure is for the defaulting party to seek to vacate [his or her] default and, if necessary, appeal the denial of that request" (Feldman v Feldman, 185 AD3d 552, 554). Contrary to the mother's contention, her failure to appear at a hearing on April 6, 2021, under the circumstances presented, constituted a default (see Matter of Anastasia N.A. [Latonia J.], 218 AD3d 563; Matter of Vellencia P. [Valdissa R.], 215 AD3d 850). Although the mother's attorney was present that day, the attorney made it clear that she was no longer participating in the hearing (see Matter of Vellencia P. [Valdissa R.], 215 AD3d at 851; Matter of Zowa D.P. [Jenia W.], 190 AD3d 744, 744). Since the amended order appealed from was made upon the mother's default, "review is limited to matters which were the subject of contest in the Family Court" (Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 960; see CPLR 5511; Matter of Vallencia P. [Valdissa R.], 215 AD3d at 851).
The mother's contention that she was deprived of the effective assistance of counsel is without merit. "[T]he statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings" (Matter of Keuleman v Earp, 188 AD3d 1063, 1063 [internal quotation marks omitted]; see Matter of Cook v Sierra, 190 AD3d 732, 733). The mother's counsel's failure to seek an adjournment of a conference on May 24, 2021, did not constitute ineffective assistance of counsel, as counsel's "fail[ure] to make a motion or argument that ha[d] little or no chance of success" did not deprive the mother of the effective assistance of counsel (Matter of Ani R.A.R. [Jesse R.R.], 221 AD3d 604, 605, quoting Matter of Assatta N.P. [Nelson L.], 92 AD3d 945, 945), especially where, as here, the mother was aware of the conference and chose not to attend.
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court