Matter of Onyiuke v Onyiuke (2024 NY Slip Op 03428)

Matter of Onyiuke v Onyiuke

2024 NY Slip Op 03428

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-05604
 (Docket No. O-13983-22)

[*1]In the Matter of Florence Onyiuke, respondent, 
v
Eisenhower Onyiuke, appellant.

David Laniado, Cedarhurst, NY, for appellant.
New York Legal Assistance Group, New York, NY (Lisa Rivera and Alexandra Chen of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Eisenhower Onyiuke appeals from an order of fact-finding and disposition of the Family Court, Queens County (Adetokunbo O. Fasanya, J.), dated May 18, 2023. The order of fact-finding and disposition, after a hearing, and upon Eisenhower Onyiuke's failure to appear at the hearing and upon the denial of his attorney's applications for an adjournment of the hearing and to be relieved as counsel, found that Eisenhower Onyiuke committed the family offenses of harassment in the second degree, attempted assault in the third degree, disorderly conduct, menacing in the second degree, menacing in the third degree, criminal mischief in the fourth degree, and coercion in the third degree, and directed him to comply with the terms set forth in an order of protection of the same court dated May 11, 2023, for a period not to exceed two years.
ORDERED that the appeal is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the applications of Eisenhower Onyiuke's attorney for an adjournment of the hearing and to be relieved as counsel (see CPLR 5511); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 8 against Eisenhower Onyiuke (hereinafter Eisenhower), her adult son, alleging, inter alia, that Eisenhower committed various family offenses. On May 11, 2023, Eisenhower failed to appear for a fact-finding hearing on the petition. Eisenhower's attorney made an application for an adjournment of the hearing and an application to be relieved as counsel. The Family Court denied the applications and conducted the hearing. Although Eisenhower's attorney was present, he did not participate in the hearing. In an order of fact-finding and disposition, the court, among other things, found that Eisenhower committed the family offenses of harassment in the second degree, attempted assault in the third degree, disorderly conduct, menacing in the second degree, menacing in the third degree, criminal mischief in the fourth degree, and coercion in the third degree. Eisenhower appeals.
Although the order of fact-finding and disposition was entered upon Eisenhower's default (see Matter of Ramirez v Colon, 225 AD3d 704, 705; Matter of Destiny F.S.J. [Elio F.S.], [*2]221 AD3d 602, 603), Eisenhower may challenge the denial of his attorney's applications for an adjournment and to be relieved as counsel since the applications were the subject of contest in the Family Court (see Matter of Dublin v Morris, 224 AD3d 901, 901; Matter of Ani R.A.R. [Jesse R.R.], 221 AD3d 604, 604).
The Family Court providently exercised its discretion in denying the application of Eisenhower's attorney for an adjournment of the hearing. "The granting of an adjournment rests in the sound discretion of the hearing court upon a balanced consideration of all relevant factors" (Matter of Sacks v Abraham, 114 AD3d 799, 800; see Matter of Ani R.A.R. [Jesse R.R.], 221 AD3d at 604). Here, in light of, inter alia, the failure of Eisenhower's attorney to offer any explanation for Eisenhower's absence, the court providently exercised its discretion in denying the application for an adjournment (see Matter of Ani R.A.R. [Jesse R.R.], 221 AD3d at 604-605; Matter of Angie N.W. [Melvin A.W.], 107 AD3d 907, 908-909).
The Family Court also providently exercised its discretion in denying the application of Eisenhower's attorney to be relieved as counsel (see Matter of Jeremiah G.F. [Gideon F.], 160 AD3d 731, 733; Matter of Blake T.L. [Robert L.], 141 AD3d 525, 526). Contrary to Eisenhower's contention, he was not denied his right to counsel or deprived of due process by the court's denial of his attorney's application (see Family Ct Act § 262[a][ii]; cf. Matter of Hohenforst v DeMagistris, 44 AD3d 1114, 1116).
IANNACCI, J.P., CHRISTOPHER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court