Matter of Mehuljit F. (Roohi F.) (2024 NY Slip Op 05099)

Matter of Mehuljit F. (Roohi F.)

2024 NY Slip Op 05099

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2023-04739
 (Docket No. B-2600-21)

[*1]In the Matter of Mehuljit F. (Anonymous). Jewish Child Care Association of New York, respondent; Roohi F. (Anonymous), appellant.

Deana Balahtsis, New York, NY, for appellant.
Geoffrey P. Berman, Larchmont, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Chanel Smith, and Claire V. Merkine of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of disposition of the Family Court, Queens County (Joan L. Piccirillo, J.), dated April 28, 2023. The order of disposition, upon an order of fact-finding of the same court dated November 8, 2021, entered upon the mother's failure to appear at a fact-finding hearing, finding that the mother permanently neglected the subject child, and after a dispositional hearing, terminated the mother's parental rights and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the appeal is dismissed, without costs or disbursements, except with respect to matters which were the subject of contest (see CPLR 5511; Matter of Donaisha B. [Lisa G.], 218 AD3d 565); and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject child on the ground of permanent neglect. The mother failed to appear at a fact-finding hearing, and her attorney did not participate after the Family Court denied her attorney's request for an adjournment. After the fact-finding hearing, the court found that the mother permanently neglected the child. After a dispositional hearing, the court terminated the mother's parental rights and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
The appeal from so much of the order of disposition as brings up for review the Family Court's finding of permanent neglect of the child by the mother must be dismissed. The mother failed to appear at the fact-finding hearing, and although her attorney was present at the [*2]hearing, her attorney did not participate. Since no appeal lies from an order that is entered on the default of the appealing party, the finding of permanent neglect cannot be reviewed (see CPLR 5511; Matter of Donaisha B. [Lisa G.], 218 AD3d 565, 566; Matter of Devon W. [Lavern D.], 127 AD3d 1098, 1099).
The Family Court properly found, by a preponderance of the evidence adduced at the dispositional hearing, that it was in the best interests of the child to free him for adoption. The child had been in his foster home for a prolonged period of time, had developed a positive and nurturing relationship with his foster mother, and did not indicate any desire to return to the mother's care (see Matter of Donaisha B. [Lisa G.], 218 AD3d at 566; Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 955). Moreover, a suspended judgment was not appropriate under the circumstances presented (see Matter of Camila G.C. [Matthew C.], 229 AD3d 461, 462; Matter of Jaaliyah M.R.E. [Jennifer A.], 188 AD3d 673, 674).
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court