Matter of Travis G. (Tina G.) (2026 NY Slip Op 00376)

Matter of Travis G. (Tina G.)

2026 NY Slip Op 00376

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-07787
 (Docket Nos. N-21011-23, N-21012-23)

[*1]In the Matter of Travis G. (Anonymous). Administration for Children's Services, respondent; Tina G. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Christian G. (Anonymous). Administration for Children's Services, respondent; Tina G. (Anonymous), appellant. (Proceeding No. 2.)

Deana Balahtsis, New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Eva L. Jerome of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Diane Pazar, and Alison Reisner of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Elenor Reid-Cherry, J.), dated July 23, 2024. The order of fact-finding and disposition, insofar as appealed from, upon the mother's failure to appear at a continued fact-finding hearing, found that the mother neglected the subject children.
ORDERED that the appeal is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the mother's attorney's applications for an adjournment (see CPLR 5511; Matter of Vallencia P. [Valdissa R.], 215 AD3d 850, 851); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
In November 2023, the Administration for Children's Services commenced these related proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the subject children. On July 18, 2024, the mother failed to appear for a continued fact-finding hearing, and her attorney requested an adjournment. The Family Court denied the application for an adjournment, proceeded with the fact-finding hearing, and, after denying a second adjournment application made by the mother's attorney, conducted a dispositional hearing. The mother's attorney did not participate in the hearings in the mother's absence. After the fact-finding and dispositional hearings, the court issued an order of fact-finding and disposition, inter alia, finding that the mother neglected the children. The mother appeals.
The mother's failure to appear on the second and final day of the continued fact-finding hearing and the dispositional hearing constituted a default. Although the mother's attorney was present on that day, after the Family Court denied the attorney's applications to adjourn the hearings, the attorney made it clear that he was no longer participating because the mother had not authorized him to do so in her absence (see Matter of Destiny F.S.J. [Elio F.S.], 221 AD3d 602, 603; Matter of Vallencia P. [Valdissa R.], 215 AD3d 850, 851). Thus, since the order of fact-finding and disposition appealed from was made upon the mother's default, review is limited to matters which were the subject of contest in the Family Court (see Matter of Destiny F.S.J. [Elio F.S.], 221 AD3d at 603; Matter of Vallencia P. [Valdissa R.], 215 AD3d at 851).
The denial of the mother's attorney's adjournment applications is appealable because those requests were the subject of contest in the Family Court (see Matter of Vallencia P. [Valdissa R.], 215 AD3d at 851; Matter of Zowa D.P. [Jenia W.], 190 AD3d 744, 745). Here, in light of the mother's actual knowledge of the continued fact-finding hearing, her failure to give an explanation for her absence despite communicating with her attorney twice on the day of the appearance, and the mother's history of missing court dates, the court providently exercised its discretion in denying the mother's attorney's applications for an adjournment (see Matter of Jahmere W. [Dennis W.], 230 AD3d 1325, 1326; Matter of Vallencia P. [Valdissa R.], 215 AD3d at 851-852; Matter of N. [Fania D.-Alice T.], 108 AD3d 551, 552-553). Moreover, under the circumstances, the mother was not deprived of her right to counsel, as the court denied her attorney's application to withdraw as counsel, and her attorney indicated that he was not participating because the mother had not authorized him to do so in her absence (see Matter of Vallencia P. [Valdissa R.], 215 AD3d at 851-852; Matter of Zowa D.P. [Jenia W.], 190 AD3d at 744-745).
BARROS, J.P., BRATHWAITE NELSON, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court