Matter of Da-Kym Barksdale v Gilmore (2026 NY Slip Op 01355)

Matter of Da-Kym Barksdale v Gilmore

2026 NY Slip Op 01355

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
PHILLIP HOM, JJ.

2025-01583
 (Docket No. V-1794-24/24A)

[*1]In the Matter of Da-Kym Barksdale, respondent,
vRosavette Gilmore, appellant.

Carol Kahn, New York, NY, for appellant.
Yasmin Daley Duncan, Brooklyn, NY, for respondent.
Paul I. Weinberger, Poughkeepsie, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), entered December 27, 2024. The order, upon the mother's failure to appear at a scheduled court date, granted the father's petition to modify an order of the Family Court, Ulster County (Anthony McGinty, J.), dated April 15, 2016, so as to award him sole legal and physical custody of the parties' child, with parental access to the mother.
ORDERED that the appeal is dismissed, without costs and disbursements, except insofar as it brings up for review the denial of the application of the mother's attorney to set the matter down for a hearing (see CPLR 5511; Matter of Anastasia N.A. [Latonia J.], 218 AD3d 563, 564); and it is further,
ORDERED that the order entered December 27, 2024, is reversed insofar as reviewed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for a hearing on the father's petition, to be conducted expeditiously, and a new determination thereafter; and it is further,
ORDERED that pending the hearing and new determination of the father's petition to modify the order dated April 15, 2016, the provisions of the order entered December 27, 2024, regarding custody and parental access shall remain in effect.
The parties are the parents of one child, born in 2014. Pursuant to an order dated April 15, 2016, the parties were awarded joint legal custody of the child. In 2023, the mother relocated with the child from Ulster County to Schenectady County, allegedly without the father's consent. In May 2024, the father commenced this proceeding to modify the order dated April 15, 2016, so as to award him sole legal and physical custody of the child, with parental access to the mother. On November 26, 2024, the mother failed to appear for a scheduled court date, and her attorney made an application to set the matter down for a hearing on the father's petition. The Family Court denied the application. In an order entered December 27, 2024, the court granted the father's petition upon the mother's default. The mother appeals.
"Where an order is made upon a party's default, review is limited to matters which were the subject of contest in the Family Court" (Matter of Otero v Walker, 221 AD3d 714, 715; see Matter of Anastasia N.A. [Latonia J.], 218 AD3d 563, 564). Accordingly, in this case, review is limited to the denial of the application of the mother's attorney to set the matter down for a hearing (see Matter of Otero v Walker, 221 AD3d at 715).
"A custody determination, whether made upon the default of a party or not, must always have a sound and substantial basis in the record" (Matter of Paez v Bambauer, 230 AD3d 586, 588 [internal quotation marks omitted]; see Matter of Riera v Ayabaca, 235 AD3d 643, 645). Custody determinations should generally "be made only after a full and plenary hearing and inquiry, or, where a party failed to appear, after an inquest" (Matter of Otero v Walker, 221 AD3d at 715 [citations and internal quotation marks omitted]; see Matter of Paez v Bambauer, 230 AD3d at 588).
Here, the Family Court granted the father's petition upon the mother's default, without receiving testimony or other evidence, despite the fact that the mother's attorney proffered a reasonable explanation for the mother's absence and the attorney for the child advocated for a hearing in the best interests of the child (see Matter of Otero v Walker, 221 AD3d at 715). Under the circumstances, the court erred in denying the application of the mother's attorney to set the matter down for a hearing.
The mother's remaining contention is without merit.
Accordingly, we reverse the order entered December 27, 2024, insofar as reviewed and remit the matter to the Family Court, Dutchess County, for a hearing and a new determination thereafter of the father's petition.
CHAMBERS, J.P., WOOTEN, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court